THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TYRONE CROSBY, Defendant-Appellant.

First District (1st Division)   No. 76-667

Opinion filed June 5, 1978.

Ralph Ruebner and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant was found guilty on two counts of possession of a controlled substance. After the trial court entered judgment on these verdicts and sentenced the defendant, the defendant filed a notice of appeal and brief in this court. Before the State could file its brief, the defendant died. After considering motions by both the defense and the State concerning the disposition of the instant case, we

ordered the parties to file briefs concerning the effect of the defendant's death on the instant proceedings.

The issue we must resolve is whether the defendant's death prior to the final disposition of the case on appeal requires a vacatur of the judgment of conviction.

We first conclude that the defendant's death during the pendency of this appeal abates the appeal. (*O'Sullivan v. People* (1892), 144 Ill. 604, 32 N.E. 192; *People v. Cook* (1974), 18 Ill. App. 3d 190, 309 N.E.2d 623.) Both the State and the defense agree that this is the proper conclusion. The defense, however, contends that we should vacate defendant's conviction in accord with the rule prevailing in a majority of jurisdictions. (See Annot., 83 A.L.R.2d 864 (1962).) The State contends that the rule existing in Illinois is that the conviction remains in full force and effect and urges us to follow that rule.

After reviewing the authorities, we conclude that the rule existing in Illinois requires the conviction to remain in full force and effect. (See *O'Sullivan v. People* (1892), 144 Ill. 604, 32 N.E. 192.) We are constrained to follow that rule. In *O'Sullivan* the defendant appealed his conviction of murder. After briefs were filed and arguments heard, but prior to the court's reaching a decision, O'Sullivan died. The administrator of his estate then filed a motion requesting the court to enter judgment *nunc pro tunc* as of the date when O'Sullivan was still alive. In concluding that the writ of error abated upon O'Sullivan's death and denying the motion to enter judgment *nunc pro tunc*, the supreme court explained that, unlike a civil case in which a party dies during the pendency of the appeal, an affirmance or reversal of the judgment of conviction in a criminal case would be a useless act. In *O'Sullivan*, the supreme court felt powerless to act upon the judgment of conviction entered by the trial court. We believe that *O'Sullivan* stands for the proposition that the death of a defendant in a criminal case during the pendency of an appeal from a judgment of conviction leaves that judgment intact.

We agree with the State that support for this conclusion is found in *People v. Bey* (1969), 42 Ill. 2d 139, 246 N.E.2d 287, a case in which the supreme court considered whether a judgment of conviction pending on appeal could be used to impeach the credibility of the defendant in the trial of a subsequent, unrelated case. In deciding that such a judgment of conviction could be used to impeach the defendant's credibility, the supreme court reasoned that "[e]ven in this day of virtually automatic appeals, the judgment of the trial court is still a determination of guilt which stands until it is reversed." *People v. Bey* (1969), 42 Ill. 2d 139, 146, 246 N.E.2d 287, 291.

We thus conclude that the rule in Illinois requires the appeal to abate

and the judgment of conviction to stand where a defendant in a criminal case dies during the pendency of his appeal.

Appeal abated.

GOLDBERG, P. J., and O'CONNOR, J., concur.