THE STATE OF OHIO, APPELLANT, *v.* MCGETTRICK, APPELLEE.

[Cite as State *v.* McGettrick (1987),
31 Ohio St. 3d 138.]

(No. 86-89—Decided June 24, 1987.)

140

*John T. Corrigan,* prosecuting attorney, *George J. Sadd* and *Edward M. Walsh,* for appellant.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A., John S. Pyle, Lane, Alton & Horst, Jeff Jurca* and *Theodore S. Holtz,* for appellee.

DOUGLAS, J.  Former Judge McGettrick, a convicted criminal defendant, died while the appeal of his conviction was pending. We are now called upon to decide what effect, if any, his death had on both the pending appeal and the original conviction.

Appellant state of Ohio contends that appellee's death moots the appeal, yet leaves the judgment of the trial court in full force and effect.[2] Conversely, appellee's counsel asserts, and the court of appeals held, that the death not only moots the appeal, but additionally abates *ab initio* all proceedings involved in the criminal prosecution.[3]

To hold as the appellant seeks us to hold would effectively preclude a convicted criminal defendant from exercising his constitutional right to a direct review of his criminal conviction. This would be so even if there was a major prejudicial error committed before or during trial or, not inconceivably, it was later shown that the deceased had not committed the crime for which he had been convicted. Such a holding would be violative of the convicted criminal defendant's fundamental rights, even though he be deceased.

Alternatively, the defendant-appellee's counsel would have us hold that the death of the defendant during the pendency of his appeal renders

---

[2] *State* v. *Sholiton* (1954), 70 Ohio Law Abs. 385, 128 N.E. 2d 666. Additionally, since 1978, this position has been adopted by the state supreme courts in Mississippi (*Berryhill* v. *State* [1986], 492 So. 2d 288), and in Kentucky (*Royce* v. *Commonwealth* [1979], 577 S.W. 2d 615, 616, wherein the court stated "* * * [t]he fact of the conviction, whether it be regarded as legally final or not, is history, and as such it cannot be expunged"), and a state court of appeals in Illinois (*People* v. *Crosby* [1978], 61 Ill. App. 3d 115, 18 Ill. Dec. 482, 377 N.E. 2d 1118).

[3] *State* v. *Blake* (1977), 53 Ohio App. 2d 101, 7 O.O. 3d 71, 371 N.E. 2d 843. See, generally, Annotation (1962), 83 A.L.R. 2d 864; Annotation (1966), 9 A.L.R. 3d 462, 496.

the appeal moot and since such a defendant would not have had his full right of review, the appeal should be dismissed, the original judgment of conviction vacated and the original indictment dismissed. To accept appellee's position would require us to ignore the fact that the defendant has been convicted and, therefore, no longer stands cloaked with the presumption of innocence during the appellate process. Such a holding would not be fair to the people of this state who have an interest in and a right to have a conviction, once entered, preserved absent substantial error.

For the reasons that follow, we decline to follow the position of either appellant or appellee, finding instead that it is not necessary to offend the rights or interests of either party in cases such as the one now before us.

It is in the interest of the defendant, the defendant's estate[4] and society that any challenge initiated by a defendant to the regularity of a criminal proceeding be fully reviewed and decided by the appellate process. *Commonwealth* v. *Walker* (1972), 447 Pa. 146, 148, 288 A. 2d 741, 742, at fn.; *State* v. *Jones* (1976), 220 Kan. 136, 551 P. 2d 801. App. R. 29(A)[5] provides a means by which such interests may be protected.

App. R. 29(A) initially provides in part:

"If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party *on motion filed* by the representative, *or by any party,* with the clerk of the court of appeals. * * *" (Emphasis added.)

---

[4] In some cases the convicted criminal defendant's estate may possess a pecuniary interest in having the appeal fully determined. "* * * While death moots the sentence, renders impossible a new trial, and abates any fine imposed, the matter of costs remains. The state and the defendant (not to mention his family) have endured the strain, the tribulation and the expense of trial and appeal. Oftentimes rights other than those of an individual defendant are involved. The right to inherit, or to take by will or otherwise, may be affected." *State* v. *Jones* (1976), 220 Kan. 136, 137, 551 P. 2d 801, 804. Accord *Wetzel* v. *Ohio* (1962), 371 U.S. 62, 24 O.O. 2d 157, wherein Justice William O. Douglas, in his concurring opinion, after noting that court costs in Ohio are statutorily imposed upon convicted felons, pursuant to R.C. 2949.14 and 2949.15, stated at 65, 24 O.O. 2d at 158, that the "* * * decedent's wife and administratrix has a sufficient interest in protecting his estate from unlawful penalties to be substituted as a party and maintain this appeal."

[5] Under ordinary circumstances, neither the Ohio Rules of Criminal Procedure nor the Ohio Rules of Civil Procedure are applicable to cases on appeal; the Appellate Rules "govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." App. R. 1; see, also, Crim. R. 1(C)(1) and Civ. R. 1(C)(1). However, even were the Criminal Rules being utilized in the case now before us, the substitution of parties would be permitted. Crim. R. 57(B) provides:

"*If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules* of criminal procedure, *and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.*" (Emphasis added.)

Civ. R. 25(A) provides in part that "[i]f a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties." Thus, these rules are instructive to our procedures herein.

The rule clearly permits the decedent's personal representative to be substituted as a party on motion by either the representative *or the state.* Once such a motion is filed, the court of appeals should proceed to substitute the decedent's representative as a party and continue the determination of the appeal. Thus, if herein there was an appointed personal representative of the estate of the defendant-decedent McGettrick, either that representative *or* the state may have moved the court of appeals for a substitution of party. Upon substitution, the appeal could then have been fully determined.

Accordingly, we construe this part of App. R. 29(A) as providing that when a criminal defendant-appellant dies while his appeal is pending and, subsequently, within a reasonable time, a personal representative of the decedent is appointed, that representative may be substituted as a party on motion by the decedent's representative or the state under the then existing style of the case and the court of appeals shall proceed to determine the appeal. Absent such a motion, filed within a reasonable time by the state, for substitution of a party, the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment.

App. R. 29(A) further provides that: "* * * [i]f the deceased party has no representative, *any party* may suggest the death on the record and proceedings shall then be had as the court of appeals may direct. * * *" (Emphasis added.) Thus, if there is no personal representative of the decedent appointed, any party may suggest the decedent's death on the record[6] and proceedings may then be had as the court of appeals directs. We interpret this to mean that if the state "suggest[s] the death on the record" and within a reasonable time moves the court for a substitution of party, the court of appeals should substitute any proper person as a party, including the decedent's attorney of record, and continue with the determination of the appeal.

In the case now before us, the death was suggested on the record by appellee's attorney not for the purpose of continuing the appeal process but instead only for purposes of dismissing the appeal, vacating the original judgment and dismissing the original indictment. Given our interpretation of the first part of App. R. 29(A), we find that the state should be given the opportunity to "suggest the death on the record" and if the state does so and subsequently or simultaneously moves for substitution of a party defendant, then the appeal process should continue.

Therefore, we hold that when a criminal defendant-appellant dies while his appeal is pending and no personal representative is, within a reasonable time, subsequently appointed, the state may suggest the dece-

---

[6] The rule announced in this case is to be applied regardless of the circumstances surrounding the defendant-appellant's death. If death occurs, no matter the cause, the appeal may proceed pursuant to App. R. 29(A).

dent's death on the record and, upon motion by the state for substitution of a party, the court of appeals should substitute any proper person, including the decedent's attorney of record, as party defendant-appellant and proceed to determine the appeal. Absent such a motion for substitution of a party, filed within a reasonable time by the state,[7] the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment.

The operation of App. R. 29(A) is clearly not automatic. Affirmative action is required before substitution may be afforded. Where appropriate, and by choice, the decedent's personal representative or the state must first suggest the decedent's death on the record and/or file a motion for substitution of a party, before the court of appeals is obligated to hear the appeal. Consequently, in a case where the appeal is *pending,* unless the proper motion(s) is made, the court of appeals may properly dismiss the appeal as moot and vacate the original conviction.

We believe that our decision herein furthers the public policy of deciding cases on their merits and best balances the interests of all the parties involved. Accordingly, we reject in part the reasoning and positions set forth in both *State* v. *Blake, supra,* and *State* v. *Sholiton, supra,* and instead adopt the aforementioned substitution of party analysis.

Recognizing the impact our decision today will have on future criminal appeals, we proceed to analyze the situation wherein a convicted criminal defendant dies prior to having filed a notice of appeal in his case. App. R. 29(A) also provides in part:

"* * * If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by his personal representative, or, if he has no personal representative, by his attorney of record *within the time prescribed by these rules.* * * *" (Emphasis added.)

Thus, when a convicted criminal defendant dies prior to filing a notice of appeal, Rule 29(A) permits either the decedent's personal representative or, where appropriate, his attorney of record, to file within the time limit set forth in App. R. 4(B), the notice of appeal on his behalf. Rule 29(A) further provides that "* * * [a]fter the notice of appeal is filed, substitution *shall be effected* * * * in accordance with this subdivision." (Emphasis added.)

We construe this portion of App. R. 29(A) as providing that after the appropriate person files the notice of appeal, that person may also file a motion for substitution of a party. Once a motion for substitution of party

---

[7] It is clear that the Appellate Rules apply to both civil and criminal appeals taken to courts of appeals. App. R. 1. Thus, while App. R. 29(A) also deals with civil matters, herein we concern ourselves only with its application to an appeal involving a criminal case as the personal representative, obviously, would have no interest in moving to substitute if the original conviction would be vacated absent substitution.

is filed, the court of appeals should substitute a proper person, including the decedent's attorney of record, and proceed to determine the appeal.

Again, this part of App. R. 29(A) is not self-actuating. Affirmative action is required by the decedent's personal representative or attorney of record before substitution may be afforded. Accordingly, we determine that if a convicted defendant in a criminal case dies prior to filing a notice of appeal, the decedent's personal representative or, if he has no personal representative, his attorney of record, may file the notice of appeal on his behalf. Absent such timely notice of appeal, the original judgment of conviction shall stand with full force and effect as a valid, subsisting judgment of the trial court.

In ruling as we have today, our concern, of course, is to provide for adequate safeguards to protect precious rights of both the citizens of this state and defendants in criminal cases.

In consideration whereof, we reverse the judgment of the court of appeals, reinstate the appeal and remand the cause to the court of appeals to give to the state the opportunity to suggest the death of McGettrick on the record and, within a reasonable time, to move for substitution of a proper party defendant-appellant. If the state proceeds in this manner, the court of appeals is to proceed with the determination of the appeal.

*Judgment reversed*
*and cause remanded*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.