OPINION
This matter came to be considered upon a suggestion of death and motion to dismiss filed by Daniel J. O'Brien, the substituted party who was appellate counsel for deceased appellant Reba Rene Moore.
Moore was indicted for possession of cocaine on November 8, 1996, and was indicted on new charges of having weapons under disability and a firearm specification on January 9, 1997. Moore filed a motion to suppress on February 13, 1997, which the trial judge overruled on April 24, 1997. Moore pled no contest to the possession of crack cocaine charge on October 14, 1997, and in return the State moved to dismiss the remaining charges. Moore was sentenced to three years incarceration on the possession charge, the term stayed pending this appeal.
On January 8, 1998 Moore filed her notice of appeal, and her brief was filed on July 6, 1998. Moore died on September 22, 1998. On October 26, 1998, the State filed a suggestion of death and motion to substitute party, requesting that this Court substitute Moore's appellate counsel, Daniel J. O'Brien, as party/representative in this case pursuant to App.R. 29(A). We granted the State's motion for substitution on November 25, 1998. The State filed their brief on January 7, 1999. On April 15, 1999, Daniel O'Brien filed a suggestion of death and motion to dismiss the matter. The State did not file any response opposing this motion.
In State v. McGettrick (1987), 31 Ohio St.3d 138, the Ohio Supreme Court interpreted App.R. 29(A) as it applies to criminal cases. The Court held the following:
 When a criminal defendant-appellant dies while his appeal is pending and, subsequently, within a reasonable time, a personal representative of the decedent is appointed, that representative may be substituted as a party on motion by the decedent's representative or the state under the then existing style of the case, and the court of appeals shall proceed to determine the appeal. Absent such a motion, filed within a reasonable time by the state, for substitution of a party, the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment.
Id. at paragraph one of the syllabus. Once this suggestion of death has been made, and if the state has properly moved the court for a substitution of party and the court grants such request, the court may continue with the determination of the appeal. Id. at 142. See, also, State v. McGettrick (1988), 40 Ohio App.3d 25,26.
In this case, the State properly filed the suggestion of death along with a motion for substitution of party. We granted this substitution, and in accordance with McGettrick,31 Ohio St.3d at 142, we now may proceed with the determination of the appeal. As such, we grant Moore's motion to dismiss the appeal, and the trial court's decision on the motion to suppress and Moore's original judgment of conviction shall remain with full force and effect as valid, subsisting judgments of the trial court.
BROGAN, J. and WOLFF, J., concur.