O P I N I O N
In this case, the appellant seeks to vacate a conviction for Public Indecency entered in the Dayton Municipal Court. Appellant contends that his statutory right to a speedy trial was violated and, thus, the judgment of conviction must be reversed. We conclude, however, that the time for a speedy trial was tolled by a continuance granted by the court upon the prosecutors' motion. Accordingly, we affirm the judgment below.
The facts of the case are as follows:
On February 23, 1998, Leonard W. Short was charged by complaint with one count of Public Indecency in violation of Section 136.02(A)(3) of the Revised Code of General Ordinances of the City of Dayton, Ohio. The charge arose from an incident that occurred in an adult entertainment center at 146 East Third Street, on January 29, 1998. There, police officers discovered Short engaging in indecent behavior while in a video booth exposed to public view. Short received a copy of the complaint by certified mail on February 26, 1998.
Short was arraigned on March 5, 1998 in Dayton Municipal Court. He appeared pro se and pleaded not guilty to the charge. The trial court ordered a pretrial conference for March 17, 1998. On that date, the court ordered that the matter be set for trial on March 31, 1998. Short then filed a demand for a jury trial on March 20, 1998. In response, an order was journalized on March 23, rescheduling the case for a jury trial on April 2, 1998.
On March 24, 1998, Short filed a motion to have the jury view the premises of the adult entertainment center where the offense occurred. On that same date he filed a motion to declare the testimony of the two police officers incompetent as to the events underlying the charge. Short contended that, because police officers are not "ordinary observers," they could not testify about the charged offense, which prohibited "conduct which to anordinary observer would appear to be sexual conduct or masturbation." (Emphasis added.) On March 25, the trial court filed another order scheduling trial on April 2.
On March 30, 1998, prosecutors moved for a continuance to the next date available for a jury trial. The motion explained that, on the date set for trial, the lead prosecutor would be out of the country and her assistant would be prosecuting another case before a jury. The trial judge approved the motion, signing it, and journalizing it as an entry. The journal entry, however, did not designate a new trial date.
On April 14, the trial court scheduled a jury trial for May 7, 1998. It also filed an entry setting a hearing for the motions that Short filed on March 24. The date was set for April 22, 1998. After hearing argument on the motions on April 22, the trial court took them under advisement.
On April 27, Short filed a motion to dismiss the charges against him for failure to conduct a speedy trial in accordance with R.C. 2945.71, et sub. The trial court scheduled a hearing for that motion on May 5, 1998. Then, on May 6, the trial court issued four different orders on Short's pending motions. In the first order, the court granted Short's motion for a jury view and overruled his motion to suppress. In the second, the court overruled the motion to suppress the police officer's testimony. In the third, the trial court overruled Short's motion for a discovery order permitting him to photograph the interior of the adult entertainment center. Finally, in the fourth order, the trial court rejected Short's motion to dismiss on speedy-trial grounds. The court found that Short should be charged with the delay from March 24 forward, which the court stated resulted from his motions.
Trial was held on May 8, 1998, after which a jury found Short guilty of indecent exposure. On May 11, the trial court filed an entry finding Short guilty and sentencing him to thirty days in jail and a $250 fine. The trial court then suspended the sentence and half of the fine. Short took a timely appeal from the judgment of conviction on June 8, 1998.
On March 17, 1999, while his appeal was pending before this court, Leonard Short died. On April 22, pursuant to App.R. 29(A), Jason L. Short, executor of the estate of Leonard Short, filed a motion to substitute himself as the appellant. In a decision on that motion entered May 7, 1999, we noted that, under State v.McGettrick (1987), 31 Ohio St.3d 138, paragraph one of the syllabus, the burden falls upon the state to choose whether to pursue affirmation of a criminal conviction after the defendant dies while his appeal is still pending. We further noted that the decedent's representatives can have no interest in pursuing an appeal, because, absent a motion by the state, the conviction and underlying indictment will be vacated. See id. at 143, fn. 7. Accordingly, we treated Jason Short's motion as a premature suggestion of death on the record and gave the City of Dayton ten days to decide whether it would continue the appeal. During that interval, the city timely suggested Short's death on the record and moved for substitution of parties. As a consequence, we must now consider the merits of the instant case.
In his sole assignment of error, appellant asserts:
 THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO DISMISS DUE TO A LACK OF SPEEDY TRIAL.
 In support of this assignment, Appellant argues that the trial court violated his statutory right to a speedy trial under R.C. 2945.71. He has conceded that his right to a speedy trial under the Sixth and Fourteenth Amendments was not violated. See, generally, Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.
Appellant was charged with — and eventually convicted of — public indecency, a fourth degree misdemeanor. R.C.2945.71(B)(1) requires that any fourth degree misdemeanor be brought to trial within forty-five days after service of summons. If a trial court fails to bring a defendant to trial within the time required under R.C. 2945.71, the charges against him must be dismissed. R.C. 2945.73; State v. Gray, (1964), 1 Ohio St.2d 21,22.
Appellant asserts that the deadline for a speedy trial ran on April 11, 1998, forty- five days after he received service of summons. He argues that nothing during that time tolled the speedy-trial deadline. Thus, according to appellant, the trial court should have dismissed the charge against him when he filed his motion on April 27. Trial did not actually begin until May 8, 1998.
In its decision overruling the motion to dismiss, the trial court explained that the delay was caused by defendant's motions filed on March 24, nine days before the originally-scheduled trial date. R.C. 2945.72(E) allows for an extension of the time in which trial must be held by "[a]ny period of delay occasioned necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Thus, the trial court found that the period from March 24 until May 6, when the trial court decided the motions, was a delay properly chargeable to the defendant. During that time, the speedy-trial deadline was tolled. Therefore, by the trial court's reckoning, only twenty-six days of the statutory forty-five day period had run when appellant moved to dismiss. Only two more days ran before appellant was brought to trial.
Appellant argues, however, that his motions were not of a sort that would necessitate any hearing or any delay. His first motion was a demand for a jury view. There does not appear to be any authority in Ohio deciding the question of whether a demand for a jury view can toll the time for trial. Nevertheless, appellant likens the demand to one for a jury trial, which, if timely, does not extend the applicable speedy- trial mandates.State v. Morse, (Oct. 30, 1998), Guernsey App. No. 98CA08, unreported, at 1; State v. Dove (June 20, 1991), Coshocton App. No. 90-CA-16, unreported, at 2; State v. Knittel, (Feb. 21, 1992), Ashtabula App. No. 91-A-1599, unreported, at 2;. But see City ofUniversity Heights v. Dachman (1984), 20 Ohio App.3d 26, 27
(holding that defendant's jury demand did extend the time for trial where demand was improper and caused delay.)
Appellant's second motion addressed the competence of the police officers' testimony. Appellant maintains that this was a motion in limine. Thus, he cites our court's opinion in State v.Brown (Apr. 13, 1984), Montgomery App. 8175, unreported. In Brown, the defendant filed a motion in limine seeking to avoid reference to a prior conviction involving the same victims. Id. at 5. The court overruled the motion, but reserved its decision on whether the identity of the prior victims could be revealed. Id. In theBrown opinion, Judge McBride questioned "whether a so-called motion in limine is of a nature to fit within the extension of time condition described in R.C. 2945.72(C) [now R.C. 2945.72(E)] because it is a threshold directive of no permanent significance."Id. Nevertheless, we found that the speedy-trial statute was tolled on other grounds. Id. Relying on Judge McBride's dictum, appellant claims that his motion could not have tolled the speedy-trial deadline. But see State v. Caudill (1998), Hancock App. No 05-97-35, unreported at 4 (holding that a motion in limine
does toll the time for a speedy trial).
Appellee counters that a demand for a jury view may require a hearing and, consequently, cause delay. Appellee explains that a court may have to gather information about the place that is proposed for the jury to view. See, e.g., State v. Pollock (Sept. 24, 1993), Lucas App. No. L-92-034, unreported, at 3.
Similarly, appellee asserts that the motion to prevent the police officers from testifying could properly have necessitated a continuance. It asserts that the Brown dictum should be understood to apply only where the trial court must make its final decision as to the admissibility of evidence during the trial itself. Here, the appellee argues, the motion was to exclude all evidence and was more akin to a motion to suppress or a motion to dismiss, both of which would toll the time for trial.
Interesting as these arguments are, we put them aside. In deciding whether appellant had a speedy trial, we are reluctant to rely on the reasoning adopted by the trial court in its decision overruling appellant's motion to dismiss. It does not appear to us from the record that the delay in going to trial was actually caused by the filing of appellant's motions. On the day after appellant filed his motions, the trial court filed an order setting trial for April 2, 1998. That trial date was only postponed after the prosecution moved for a continuance. Thus, it appears to us that the prosecutors' motion, not any of the defendant's motions, was the cause of the delay. In any event, it appears to us that the journal entry granting the continuance on the prosecutors' motion was sufficient to extend the time for a speedy trial. Thus, we do not find it necessary to consider the more difficult question of whether either of appellant's motions necessitated a delay under R.C. 2945.72(E).
R.C. 2945.72(H) permits an extension of time for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Because the statute permits reasonable continuances upon other than the accused's motion, courts have recognized that the speedy-trial deadline may be extended upon the prosecution's motion or by the court's own decision sua sponte.E.g., State v. King (1994), 70 Ohio St.3d 158, 160; State v.Saffell (1988), 35 Ohio St.3d 90, 90-91. Here, prosecutors moved for a continuance because they were not available for trial on the date originally scheduled. That ground is a reasonable one for an extension under R.C. 2945.72(H). See State v. Zerla, (Dec. 22, 1994), Franklin App. No. 94APA03-350, unreported, at 4.
When a continuance is granted upon other than the accused's own motion, the trial court must make a journal entry to that effect prior to the expiration of the statutory time limit. Statev. Mincy (1982), 2 Ohio St.3d 6, syllabus. Furthermore, the journal entry itself must explain the reason for the continuance, and the continuance must be reasonable.
Regarding the sufficiency of the journal entry granting the prosecutor's motion for a continuance, we note, first, that it was entered before the speedy trial deadline expired. As to whether it adequately announced the reasons for the continuance, it appears that the journal entry in this case is nearly identical in form to the entry in State v. Reck (Dec. 21, 1994), Darke App. No. 1352, unreported, at 8, where we found that the time for a speedy trial was properly extended under R.C. 2945.72(H). In Reck, as here, the journal entry appeared immediately below the prosecutor's motion, on the same page. Id. We found that the motion adequately explained the reason for the continuance, and the journal entry, by appearing on the same page, effectively adopted the reason announced in the motion. Id. So, in the instant case, it is apparent from the form of the journal entry that the reason for granting the continuance was the prosecutors' unavailability on the date of trial. Thus, the entry was sufficient in that regard.
The journal entry was not insufficient, moreover, for failing to specify the rescheduled trial date. A court may properly grant a continuance until the next available jury trial date and then specify the date by later order. If the first order was entered prior to the expiration of the statutory time limit and explained the reason for the continuance, it would extend time under R.C.2945.72(H). See State v. Gwynn (May 4, 1998), Licking App. No. 97CA109, unreported, at 4.
The only question remaining then is whether the continuance itself was reasonable. There is nothing inherently unreasonable in using the next open trial date as the length of a continuance.State v. Harr (1992), 81 Ohio App.3d 244, 248. Whether it is in fact unreasonable depends on the facts of each case. Id. Here, the continuance extended the trial date twenty-six days beyond the statutory forty-five day limit. Of that time, only sixteen days are chargeable to the state because appellant's motion to dismiss on speedy-trial grounds tolled the running of the statute from April 27 to May 6. We do not find this an unreasonable period of delay.
We find, therefore, that appellant's right to a speedy trial was not violated by the delay in this case. His sole assignment of error is overruled and his conviction will be affirmed.
It is worth mentioning, however, that Mr. Short's death during the pendency of his appeal has mooted his sentence and abated the fine levied against him. State v. McGettrick (1987),31 Ohio St.3d 138, 141, fn. 4. Although his conviction may stand, the fine cannot be recovered from his estate. See id. There remains, however, the matter of costs. There is some authority suggesting that a judgment for costs may also be abated by the defendant's death. State v. Blake (1977), 53 Ohio App.2d 101,108;. see also State v. Smith (C.P. 1940), 19 O.O. 454, 456-57 (treating costs in misdemeanor cases as part of the sentence pursuant to G.C. 13451-18, now codified as R.C. 2947.23). Nevertheless, the Supreme Court in McGettrick indicated that costs may be taxed against the estate of the deceased defendant. See 31 Ohio St.3d at 141, fn. 4; see also Strattman v. Studt
(1969), 20 Ohio St.2d 95, paragraph six of the syllabus ("The duty to pay court costs is a civil obligation arising from an implied contract.") As a consequence, it appears that the judgment for costs under R.C. 2947.23 was not abated by the defendant's death and the appellee may pursue those costs from the decedent's estate.
Judgement affirmed.
GRADY, P.J., and FAIN, J., concur.
Copies mailed to:
Mary E. Welsh
Gary C. Schaengold
Hon. James Cannon