219 P.3d 695 (2009)
STATE of Washington, Respondent,
v.
Michael Kenneth WEBB, Petitioner.
No. 81314-1.
Supreme Court of Washington, En Banc.
Argued May 7, 2009.
Decided October 29, 2009.
*696 Nancy P. Collins, Washington Appellate Project, Seattle, for Petitioners/Appellants.
James Morrissey Whisman, Brian Martin McDonald, King Co. Pros. Office, Seattle, for Appellees/Respondents.
MADSEN, J.
¶ 1 Defendant Michael Webb filed a notice of appeal of his conviction but died shortly after he was sentenced. His appointed counsel moved for abatement of Webb's conviction. The Court of Appeals dismissed the appeal and declined to abate the conviction or any of the monetary amounts that Webb was ordered to pay, relying on this court's decision in State v. Devin, 158 Wash.2d 157, 142 P.3d 599 (2006). We accepted review to consider whether the deceased defendant's right to appeal requires that the conviction be abated. We conclude that it does not. However, picking up where Devin left off, we conclude that RAP 3.2, providing for substitution of parties on appeal, is the appropriate avenue for heirs to challenge financial obligations imposed on the deceased defendant and for pursuing the appeal on the merits. We reverse the Court of Appeals and remand this matter for that court to provide a reasonable time in which a motion for substitution may be made.

FACTS
¶ 2 On February 2, 2007, Mr. Webb was convicted of one count of presenting a fraudulent insurance claim, a class C felony. The trial court imposed a first time offender sentence of 240 hours of community service and financial obligations: a $500 victim penalty assessment, $443.90 in court costs, a $1,000 fine, and a $100 DNA (deoxyribonucleic acid) collection fee. Although the judgment and sentence indicated that restitution remained to be determined, no order of restitution was ever filed.
¶ 3 Webb filed a timely notice of appeal. He was found to be indigent and accordingly was provided appointed appellate counsel at public expense. Mr. Webb was brutally murdered while his appeal was pending and his body was discovered in the crawl space under his home about two months after he died. When his appointed counsel learned of his death, she filed a motion in the Court of Appeals to abate the appeal and the underlying conviction and financial obligations.
¶ 4 On November 29, 2007, in reliance on this court's decision in Devin the Court of Appeals denied the motion. In Devin, we held that when a criminal defendant dies during the pendency of the appeal the conviction does not automatically abate "ab initio." The court also dismissed the appeal. On December 18, 2007, counsel filed a motion for reconsideration or, in the alternative, a stay of the order dismissing the appeal to allow counsel time to review the case and determine whether there are any meritorious issues to raise on appeal. On January 15, 2008, this motion was denied.
¶ 5 Counsel filed a petition for discretionary review.

*697 ANALYSIS
¶ 6 Webb's counsel contends that the Court of Appeals erroneously applied our decision in Devin.
¶ 7 In Devin, the defendant filed an untimely appeal of his sentence. Later, he moved to enlarge time to cure the timeliness problems but died prior to his hearing. Devin's counsel then argued that State v. Furth, 82 Wash. 665, 144 P. 907 (1914), required abatement of the defendant's conviction. The rule of abatement ab initio in Furth was based on the principle that the object of criminal punishment is to punish the offender, not his or her heirs or beneficiaries. Once the defendant dies, this purpose cannot be carried out and the abatement doctrine "shield[s] innocent heirs from financial obligations intended to punish their deceased ancestors." Devin, 158 Wash.2d at 162-63, 142 P.3d 599. However, because the defendant in Devin had not filed a timely appeal of his conviction before his death and had only appealed his sentence, we held that the abatement ab initio rule of Furth did not apply.
¶ 8 Nevertheless, we then addressed the propriety of the abatement ab initio rule. We explained that the punishment rationale "does not reflect the compensation purpose served by restitution and victim penalty assessments" under modern law and "Furth is incorrect in stating that the `only' purpose of all criminal punishment is to punish the offender." Id. at 168, 169, 142 P.3d 599. We also rejected the premise that there is a presumption that convicted criminals are innocent pending appeal. Id. at 169, 142 P.3d 599. We overruled Furth, "to the extent that it automatically abates convictions as well as victim compensation orders upon the death of a defendant during a pending appeal." Id. at 171-72, 142 P.3d 599.
¶ 9 In this case, Mr. Webb's counsel characterizes Devin as holding only that the abatement ab initio doctrine does not apply if the defendant appealed his sentence but not his conviction. Beyond that, counsel contends, the analysis in Devin regarding abatement is dicta. Counsel urges us to align once again with the majority of courts and apply the abatement ab initio rule in cases where the defendant appealed his or her conviction and then died while the appeal was pending. He says that Devin is flawed because decisions of courts in other jurisdictions were not adequately considered when we overruled Furth. Primarily, counsel maintains that insufficient weight was given to the defendant's right to appeal, in contrast to decisions by courts in other jurisdictions.
¶ 10 In Devin, defense counsel argued that the majority of states had adopted the abatement doctrine and argued that in those states the dominant theme is that a conviction is not final absent an appeal, which is a fundamental component of the criminal process. Id. at 169-70, 142 P.3d 599. We observed, however, that counsel had not cited authority holding as a constitutional matter that abatement of a conviction is required when a defendant dies pending an appeal. Id.
¶ 11 While we overruled Furth and rejected the constitutionally based argument advanced in Devin, we did not entirely abandon abatement principles with respect to a deceased defendant's conviction and financial obligations. Rather we abolished the automatic rule of abatement ab initio. We said:
In so doing, we do not preclude courts from abating financial penalties still owed to the county or State, as opposed to restitution owed to victims, where the death of a defendant pending an appeal creates a risk of unfairly burdening the defendants' heirs. We also do not preclude courts from deciding a criminal appeal on the merits after the appellant has died, if doing so is warranted. We decline, though, to fashion a new doctrine in place of the Furth "ab initio" rule.
Id. at 172, 142 P.3d 599. Thus, we left it to the appellate courts to determine whether to allow an appeal to go forward but found it unnecessary under the facts in Devin to consider the matter any further.
¶ 12 As Mr. Webb's counsel contends, in some jurisdictions the right to appeal is a critical aspect of the analysis when the defendant dies while the appeal is pending. See, e.g., Surland v. State, 392 Md. 17, 24-25, 895 A.2d 1034 (2006); see also, e.g., Rosanna *698 Cavallaro, Better Off Dead: Abatement, Innocence, and the Evolving Right of Appeal, 73 U. COLO. L.REV. 943, 945, 960 (Summer 2002) ("[a]n often unstated premise underlies the remedy of abatement ab initio: that appellate review of a conviction is so integral to the array of procedural safeguards due a criminal defendant that incapacity to obtain such review nullifies the jury verdict"; "any theory of punishment, even one that is victim-centered, must demand accuracy from the process used to determine criminal culpability [and] appellate review acts as an essential guarantee of that accuracy"); Tim E. Staggs, Note, Legacy of a Scandal: How John Geoghan's Death May Serve as an Impetus to Bring Abatement Ab Initio in Line With the Victims' Rights Movement, 38 IND. L.REV. 507, 515-17 (2005). Even restitution orders are not immune from the purpose of an appeal: to ensure that the conviction and sentence are fairly and properly entered. Speaking generally, an award of restitution would be improper, for example, if the person awarded restitution is not entitled to it or the amount has been incorrectly determined.
¶ 13 However, as we indicated in Devin, we have been presented with no authority holding that a deceased defendant's right to appeal mandates abatement of all convictions or all monetary obligations imposed on a criminal defendant. We decline to alter our analysis in Devin.
¶ 14 Nevertheless, this case presents the opportunity to explain how to obtain the type of review that we said in Devin an appellate court could provide after a criminal defendant dies while his or her appeal is pending. More specifically, we address how an heir may establish that financial obligations other than restitution are unfairly burdensome and under what circumstances an appeal on the merits is warranted. We are guided in answering these questions by decisions in other jurisdictions where courts have concluded that substitution of parties on appeal should be allowed when a criminal defendant dies while the appeal is pending.
¶ 15 Significantly, as counsel here suggests, the right to appeal has been a factor for those courts that have allowed substitution of parties. For example, in State v. McGettrick, 31 Ohio St.3d 138, 509 N.E.2d 378 (1987), the state argued that the defendant's death mooted the appeal but the conviction should stand. The defendant's counsel argued for abatement ab initio. The court described the problems with each approach as follows:
To hold as the [state] seeks us to hold would effectively preclude a convicted criminal defendant from exercising his constitutional right to a direct review of his criminal conviction. This would be so even if there was a major prejudicial error committed before or during trial or, not inconceivably, it was later shown that the deceased had not committed the crime for which he had been convicted. Such a holding would be violative of the convicted criminal defendant's fundamental rights, even though he be deceased.
Alternatively, the defendant-appellee's counsel would have us hold that the death of the defendant during the pendency of his appeal renders the appeal moot and since such a defendant would not have had his full right of review, the appeal should be dismissed, the original judgment of conviction vacated, and the original indictment dismissed. To accept [this] position would require us to ignore the fact that the defendant has been convicted and, therefore, no longer stands cloaked with the presumption of innocence during the appellate process. Such a holding would not be fair to the people of this state who have an interest in and a right to have a conviction, once entered, preserved absent substantial error.
Id. at 140-41, 509 N.E.2d 378. To resolve the conflict, the court turned to its rule of appellate procedure concerning substitution of parties on appeal and applied it in the criminal context. Id. at 141-43, 509 N.E.2d 378.
¶ 16 The Maryland Court of Appeals in Surland similarly concluded that neither of the "polar" approaches constituted a proper balance of equally important concerns. Surland, 392 Md. at 34, 895 A.2d 1034. The automatic abatement of the entire criminal proceeding ab initio disregards the presumptive validity of the conviction, while dismissing *699 the appeal and leaving the judgment standing without any prospect for critical review fails to accommodate the possibility that a conviction is subject to reversal, vacation, or modification and the possibility of success should not be dismissed out of hand. Id. at 34-35, 895 A.2d 1034; see also Gollott v. State, 646 So.2d 1297 (Miss.1994); State v. Makaila, 79 Hawai`i 40, 897 P.2d 967 (1995)
¶ 17 Our own substitution rule on appeal provides: "Substitution Generally. The appellate court will substitute parties to a review when it appears that a party is deceased or legally incompetent or that the interest of a party in the subject matter of the review has been transferred." RAP 3.2(a). The rule's language plainly is broad enough to encompass a criminal appeal.
¶ 18 Permitting substitution of parties on appeal will serve to resolve the problem we noted in Devin of the possible risk of an unfair burden falling on the decedent's heirs. Accordingly, we hold that a deceased defendant's heir or heirs may seek substitution under RAP 3.2 for the purpose of attempting to show that criminal financial penalties imposed on the decedent, other than restitution payable to a victim or victims, would result in an unfair burden on the heirs. Substitution for this purpose will generally require remand to the trial court for factual determinations.
¶ 19 Turning to the second concern noted in Devin, the existence of a warranted appeal, we think that permitting substitution of parties on appeal is also a way to allow the appeal to be pursued on the merits. In terms of the language we used in Devin, when the substitution rule is invoked for this purpose, the appeal is warranted. If the substituted party appellant is successful in showing that defendant's conviction must be reversed, then, because remand for a retrial is impossible, the conviction and all associated financial obligations must be abated.
¶ 20 In addition, regardless of whether the conviction itself is overturned, the substituted party may be successful in establishing that some or all financial obligations, including restitution, were incorrectly imposed or improperly calculated (as a matter separate from whether the financial obligation would impose an unfair burden on the heirs). In such an instance, the Court of Appeals should determine the correct financial obligations, if that can be done on the record, or remand to the trial court for factual determinations if necessary.
¶ 21 We hold that when a decedent dies during the pendency of his or her appeal, that appeal may be pursued by a party substituted under the provisions of RAP 3.2.[1]

CONCLUSION
¶ 22 We hold that when a decedent dies during the pendency of his or her appeal, RAP 3.2 permits a party to be substituted on appeal. If no motion for substitution is forthcoming, then the appeal shall be dismissed and the conviction and all financial obligations shall remain in effect. If a party is substituted under RAP 3.2, then the matter shall proceed in accord with the guidelines we have set forth in this opinion.
¶ 23 The Court of Appeals' order is reversed. This case is remanded to the Court of Appeals to allow a reasonable time in which a motion for substitution of parties may be made.
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, JJ.
SANDERS, J. (dissenting).
¶ 24 Based on State v. Devin, 158 Wash.2d 157, 142 P.3d 599 (2006) the majority refuses to follow the abatement ab initio doctrine so expressly recognized in State v. Furth, 82 Wash. 665, 144 P. 907 (1914). However for the reasons set forth in my concurring opinion *700 in Devin, 158 Wash.2d at 172-73, 142 P.3d 599, "the majority's discussion of the merits of the doctrine of abatement ab initio is obiter dicta in its entirety" because there was nothing to abate due to the fact that Devin failed to file a timely appeal of his conviction. I would therefore adhere to the result and reasoning of Furth and abate this criminal prosecution ab initio.
¶ 25 Moreover, the majority appears to shape its alternative approach of substitution without benefit of citation to Washington precedent and without recognition of the practical difficulties this would involve. Obviously the substituted heir would not be subject to the same criminal penalties of the deceased defendant, and therefore, it is a stretch to say that "the interest of a party in the subject matter of the review has been transferred." RAP 3.2(a), quoted by majority at 699.
¶ 26 I dissent.
NOTES
[1] If no one steps forward to seek substitution, the conviction and all financial obligations will stand. We decline to follow those courts that abate the appeal and monetary penalties if no substitution occurs. As the Maryland court said, this would serve as a disincentive to heirs to substitute parties on appeal, Surland, 392 Md. at 36, 895 A.2d 1034, and would effectively let the ab initio rule in by the backdoor.