[Cite as *State v. McGilvary*, 2015-Ohio-4825.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO,<br>CITY OF YOUNGSTOWN, | ) | CASE NO. 15 MA 15 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| AARON O. MCGILVARY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Youngstown
                               Municipal Court.
                               Case No. 14 CRB 021054

JUDGMENT:                      Dismissed as moot; original
                               judgment of conviction vacated and
                               criminal proceedings dismissed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Dana Lantz
                               Youngstown City Prosecutor
                               Atty. Jeffrey Moliterno
                               Assistant Prosecuting Attorney
                               26 S. Phelps St.
                               Youngstown, Ohio  44503

For Defendant-Appellant:       Atty. Katherine E. Rudzik
                               26 Market Street, Suite 904
                               Youngstown, Ohio  44503

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                               Dated:  November 17, 2015

PER CURIAM.

**{¶1}** Defendant-Appellant Aaron McGilvary appealed from a fourth-degree misdemeanor drug paraphernalia conviction entered in the Youngstown Municipal Court. The state filed a notice of death with this court showing Appellant died while this direct criminal appeal was pending. The state has not asked to substitute a party.

**{¶2}** For the following reasons, we hereby "dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original [complaint]" as per *State v. McGettrick*, 31 Ohio St.3d 138, 142, 509 N.E.2d 378 (1987).

<u>STATEMENT OF THE CASE</u>

**{¶3}** Appellant was issued a citation for possession of drug paraphernalia in violation of R.C. 2925.14, a fourth-degree misdemeanor. He was appointed counsel after his arraignment in the Youngstown Municipal Court. Appellant filed a motion to suppress on the grounds that the paraphernalia was viewed by police officers after they entered his home without a warrant. A suppression hearing ensued. The state presented the testimony of a police officer, and the defense presented the testimony of Appellant and his mother. The trial court denied the suppression motion, finding an exception to the warrant requirement applied.

**{¶4}** A bench trial was conducted. At the close of the state's case, the defense filed a Crim.R. 29 motion for acquittal, arguing there was insufficient evidence connecting Appellant to the drug paraphernalia since the officer testified that a woman was alone in Appellant's room where two glass pipes were found. The court applied the doctrine of constructive possession and found Appellant guilty.

**{¶5}** On January 29, 2015, the court sentenced Appellant to nine months of basic probation and imposed a $100 fine, $100 reimbursement for community control, and court costs. Appellant filed a timely notice of appeal, and new counsel was appointed for purposes of appeal. Transcripts of the suppression hearing and the bench trial were filed.

**{¶6}** In July 2015, Appellant's appointed attorney filed a motion to withdraw and an *Anders* brief, stating she could find no arguable issues. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court notified Appellant and provided him time to file his own brief raising the arguments of his choice. *See id.* When he did not do so by the time provided, this court began conducting its independent review under *Anders* to ascertain whether any non-frivolous issue existed for briefing. In the meantime, the state filed notice of Appellant's death with an attached death notice and a police report from October 6, 2015, showing Appellant died on or prior to the date of the report.

<u>DEATH OF CRIMINAL DEFENDANT PENDING APPEAL</u>

**{¶7}** Our instructions for this scenario have been provided by the Ohio Supreme Court's *McGettrick* case. In that case, the state claimed the appellate court should dismiss a criminal appeal as moot and allow the conviction to stand when a defendant dies pending his direct appeal. *McGettrick*, 31 Ohio St.3d at 140. The Ohio Supreme Court found this position would preclude a convicted criminal defendant from exercising his constitutional right to a direct review of his criminal conviction. *Id.*

**{¶8}** The defendant's attorney argued the defendant's death not only mooted the appeal but rendered the underlying criminal proceedings abated ab initio. *Id.*[1] The Court found this position did not protect the interests of society as represented by the state. *Id.* at 140-141. To protect the interests of both sides, the Ohio Supreme Court then adopted a middle-ground position. *Id.* at 141, 143. *See also State v. Makaila*, 79 Haw. 40, 45 897 P.2d 967 (1995) (adopting *McGettrick* after finding the holding fashions a fair compromise between the competing interests). Pursuant to rule, if a party dies while a proceeding is pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative "or by any party." App.R. 29(A). The Ohio

---

[1] This is the position taken by various federal courts: a criminal defendant's conviction is abated ab initio if he dies while his direct appeal is pending, and the state cannot argue otherwise. *See, e.g., U.S. v. Bennett*, 765 F.3d 887 (8th Cir.2014); *U.S. v. Volpendesto*, 755 F.3d 448 (7th Cir.2014) (criminal restitution order exceeding half a million dollars was vacated when defendant died pending appeal). It has been recognized that this abatement doctrine does not have a federal constitutional basis. *Volpendesto*, 755 F.3d at 453.

Supreme Court noted that application of the rule is not automatic as affirmative action is required before substitution can be afforded. *McGettrick*, 31 Ohio St.3d at 143.

{¶9} The Court explained that the state can use this rule to ask for substitution of the decedent's personal representative as a party, which would allow the appeal to proceed through the appellate process. *Id.* at 142. If no personal representative has been appointed for the decedent and the state moves the court for a substitution of party, the court of appeals should substitute any proper person as a party, including the decedent's attorney of record, and continue with the determination of the appeal. *Id.*, applying App.R. 29(A).

{¶10} "Absent such a motion, filed within a reasonable time by the state, for substitution of a party, the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment." *McGettrick*, 31 Ohio St.3d at 142. Therefore, when a criminal defendant dies while his direct appeal is pending in the court of appeals and the state does not seek to substitute a party in place of the defendant, the appellate court is to dismiss the appeal as moot, vacate the judgment of conviction, and dismiss the indictment. *Id.*; *State v. Grant*, 6th Dist. No. E-96-070 (Sep. 16, 1997); *State v. Fisher*, 11th Dist. No. 93-T-4938 (June 30, 1994). *See also State v. Short*, 2d Dist. No. 17228 (June 18, 1999) (the representative of the criminal defendant should not seek to substitute himself as party in the absence of the state's request as the conviction will be vacated if no substitution is sought). *Compare State v. Liddy*, 11th Dist. No. 2010-L-135, 2011-Ohio-5866, ¶ 13 (distinguishing a post-conviction appeal).

{¶11} In conclusion: Appellant died while his direct criminal appeal was pending in this court; the state filed a notice of death; and the state has not asked to substitute a party pursuant to App.R. 29(A) in order to permit this court to proceed with the appeal. We hereby "dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original [complaint]" as per *State v. McGettrick*, 31 Ohio St.3d 138, 142, 509 N.E.2d 378 (1987).

**{¶12}** No costs assessed.

Robb, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.