IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 6, 2019 Session

## STATE OF TENNESSEE v. HASSAN FALAH AL MUTORY

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2015-C-1905    Seth W. Norman, Judge**

_____

**No. M2017-00346-SC-R11-CD**

_____

SHARON G. LEE, concurring in part and dissenting in part.

I agree that this Court should do away with the doctrine of abatement ab initio. It is an outdated concept. That said, I cannot go along with the Court's decision to dismiss Mr. Mutory's appeal. The Court should adopt a procedure for appellate review of a deceased defendant's conviction and then remand the case so the parties can present evidence based on the new procedure. We have a duty to change the law when it no longer serves the interests of justice—but in doing so, we should not do an injustice to a party.

The Court does a good job describing the different approaches taken by states that no longer apply the doctrine of abatement ab initio. Some states consider an appeal to be moot after a defendant's death and dismiss the appeal.[1] Other states allow a defendant's appeal to proceed when there are fines, fees, restitution, and civil consequences that may affect the defendant's family or estate.[2] Another approach taken by some states allows an appeal to proceed with a new party substituted for the deceased defendant.[3]

---

[1] *See, e.g.*, *Wheat v. State*, 907 So. 2d 461, 464 (Ala. 2005); *Perry v. State*, 575 A.2d 1154, 1156 (Del. 1990); *Commonwealth v. Hernandez*, 118 N.E.3d 107, 121 (Mass. 2019).

[2] *See, e.g.*, *State v. Carlin*, 249 P.3d 752, 764 (Alaska 2011); *State v. Benn*, 274 P.3d 47, 51 (Mont. 2012); *State v. Christensen*, 866 P.2d 533, 536–37 (Utah 1993); *State v. Webb*, 219 P.3d 695, 699 (Wash. 2009).

[3] *See, e.g.*, *State v. Makaila*, 897 P.2d 967, 972 (Haw. 1995); *Surland v. State*, 895 A.2d 1034, 1045 (Md. 2006); *Brass v. State*, 325 P.3d 1256, 1258 (Nev. 2014).

I favor a middle ground approach that allows a deceased defendant's appeal to proceed like any other appeal when the defendant's conviction involves fines, fees, restitution, or civil consequences to the defendant's family or estate. This resolution, which is workable and fair, best balances public policy concerns and defendants' rights with victims' rights.

With no appellate review, a deceased defendant's family or estate may be saddled with fines, fees, restitution, or other civil consequences of the conviction—even when the conviction is wrongful. And if there is a civil suit against the defendant's estate based on the criminal conduct, the estate will be prevented from denying liability because of the conviction—even if wrongful. *See Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 116 (Tenn. 2016) (allowing crime victims to assert criminal conviction to estop defendants from litigating fault in civil action).

Appellate review of a conviction involving fees, fines, restitution, or other civil consequences provides a safeguard against the injustice of a wrongful conviction. Under this approach, not every appeal will go forward; some appeals will be dismissed. For example, a deceased defendant's appeal involving a sentencing issue will be dismissed because the appellate court's decision would have no practical effect. But when a deceased defendant's appeal involves a conviction with fines, fees, restitution, or other civil consequences, an appellate court should review the case.

Not all convictions withstand appellate review. Appellate courts have reversed or vacated wrongful convictions for many reasons. For example, appellate courts have reversed convictions because the evidence was insufficient. *See, e.g., State v. Baker*, No. W2018-00732-CCA-R3-CD, 2019 WL 2404977, at *5 (Tenn. Crim. App. June 7, 2019) (vacating conviction for possession with intent to sell or deliver imitation controlled substance when evidence insufficient to meet statutory definition of imitation controlled substance); *State v. Burgess*, 532 S.W.3d 372, 393–94 (Tenn. Crim. App. 2017) (vacating conviction for obstructing service of process and arrest where evidence insufficient to support conviction); *State v. Brown*, No. E2016-00314-CCA-R3-CD, 2017 WL 2464981, at *6 (Tenn. Crim. App. June 7, 2017) (vacating conviction for tampering with evidence when the evidence was insufficient to prove the defendant altered or impaired the value of evidence); *State v. Pope*, No. E2011-01410-CCA-R3-CD, 2012 WL 4760724, at *15–16 (Tenn. Crim. App. Oct. 5, 2012) (reversing conviction for official misconduct and private use of county equipment based on insufficient evidence); *State v. Pryor*, No. M2003-02981-CCA-R3-CD, 2005 WL 901140, at *4 (Tenn. Crim. App. Apr. 19, 2005) (reversing conviction for theft where evidence insufficient to prove the defendant was the perpetrator); *State v. Maupin*, No. 272, 1991 WL 197420, at *9 (Tenn. Crim. App. Oct. 7, 1991) (reversing conviction for aiding and abetting child abuse murder in the first degree because of insufficient evidence), *aff'd and remanded*, 859 S.W.2d 313 (Tenn. 1993).

Appellate courts have also reversed convictions that are supported by illegally obtained evidence. *See, e.g.*, *Lucarini v. State*, 19 S.W.2d 239, 241 (Tenn. 1929) (reversing conviction for unlawful possession of intoxicating liquor when evidence supporting conviction was obtained without a warrant); *State v. Davis*, No. E2012-01595-CCA-R3-CD, 2013 WL 4082669, at *11 (Tenn. Crim. App. Aug. 14, 2013) (reversing conviction for possession of marijuana when evidence was obtained through warrantless search of defendant's vehicle); *State v. Harris*, 280 S.W.3d 832, 845 (Tenn. Crim. App. 2008) (reversing conviction for possession of cocaine with intent to sell when warrantless, evidence-yielding search did not come within an exception to the constitutional warrant requirement); *State v. Hinkle*, No. 03C01-9902-CR-00061, 1999 WL 1133314, at *7 (Tenn. Crim. App. Dec. 10, 1999) (reversing convictions for simple possession of marijuana and possession of drug paraphernalia when convictions were based on search conducted under an invalid search warrant); *State v. Colzie*, No. M1998-00253-CCA-R3-CD, 1999 WL 1074111, at *10 (Tenn. Crim. App. Nov. 30, 1999) (reversing conviction for possession of marijuana when evidence was unlawfully obtained through warrantless search of the defendant's vehicle).

And convictions have been reversed or vacated for trial errors. *See, e.g.*, *State v. Jackson*, 444 S.W.3d 554, 592 (Tenn. 2014) (reversing conviction for second-degree murder when prosecutor's remark implicitly invited jury to consider defendant's exercise of constitutional right not to testify); *State v. Howard*, 30 S.W.3d 271, 277–78 (Tenn. 2000) (reversing conviction for premeditated murder because trial court failed to properly instruct the jury); *State v. Keller*, No. W2012-00825-CCA-R3-CD, 2013 WL 3329032, at *5–6 (Tenn. Crim. App. June 27, 2013) (reversing conviction for using firearm during commission of dangerous felony when trial court failed to specify which of several possible felonies served as basis for charge); *State v. Vaughan*, 144 S.W.3d 391, 416 (Tenn. Crim. App. 2003) (vacating convictions for first-degree premeditated murder and arson when defendant was deprived of constitutional right to testify at his trial); *State v. Styles*, No. E2001-00905-CCA-R3-CD, 2001 WL 1231511, at *8 (Tenn. Crim. App. Oct. 17, 2001) (reversing convictions for theft and aggravated assault because of violation of constitutional protections against double jeopardy); *State v. Spann*, No. 01C01-9610-CC-00426, 1997 WL 749438, at *5–6 (Tenn. Crim. App. Dec. 3, 1997) (reversing conviction for second-degree murder when trial court failed to grant mistrial after extensive observation of prejudice); *State v. Kolb*, 755 S.W.2d 472, 476 (Tenn. Crim. App. 1988) (reversing conviction for escape from prison based on violation of the defendant's constitutional right to a speedy trial).

No estate or family of a deceased defendant should be burdened with fees, fines, restitution, or other civil consequences based on a wrongful conviction. No estate should be prevented from denying liability in a civil suit arising out of the facts underlying an unlawful conviction. Review by an appellate court provides protection from this kind of injustice.

Mr. Mutory's conviction did not involve fines or restitution, but we cannot assume there is no pending civil suit, probate proceeding, or some other civil consequence involving Mr. Mutory's family or estate. The existence or substance of these facts may be disputed or otherwise not fall under Tennessee Rule of Appellate Procedure 14, which allows for consideration of post-judgment facts by an appellate court. Thus, we should remand this case to give the parties a chance to produce any relevant facts on this issue.

Mr. Mutory's counsel, in filing the motion for abatement ab initio, relied on settled law—this Court's 1966 ruling in *Carver v. State*, 398 S.W.2d 719 (Tenn. 1966). I do not fault counsel for not predicting that, two years later, this Court would abandon the doctrine of abatement ab initio. Counsel would have needed a crystal ball to know what additional evidence to present and when to present it.

The Court in dismissing this appeal invites the Advisory Commission on the Rules of Practice and Procedure to make recommendations. This is not the answer. First, action by the Advisory Commission on the Rules of Practice and Procedure is unnecessary. Tennessee Rule of Appellate Procedure 19 is broad enough to encompass a criminal appeal:

> If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the appellate court and the claim sought to be enforced is not thereby extinguished, the appellate court may order substitution of the proper parties. A motion for substitution may be made by any party or by the successor or representative of the deceased party.

Tenn. R. App. P. 19(a).

Courts in other states that have eliminated abatement ab initio have found that their existing rules of appellate procedure are broad enough to allow substitution of a defendant's personal representative to continue the appeal in a criminal case—even if the rules do not expressly apply in criminal cases. *See, e.g.*, *Carlin*, 249 P.3d at 763; *Makaila*, 897 P.2d at 972; *Payton v. State*, 266 So. 3d 630, 642 (Miss. 2019); *State v. Salazar*, 945 P.2d 996, 1003 (N.M. 1997); *Webb*, 219 P.3d at 699. In those states, as in Tennessee, abatement ab initio was the law when the rules of appellate procedure were adopted and so the rulemaking body, when drafting the rules, may not have contemplated criminal cases. *See Fahey v. Eldridge*, 46 S.W.3d 138, 142 n.5 (Tenn. 2001) ("Decisions rendered before the effective date of the Rules of Appellate Procedure may in many cases be helpful to understanding the Rules themselves."). And, federal courts interpret Rule 43 of the Federal Rules of Appellate Procedure[4] to allow substitution in criminal appeals

---

[4] Rule 43 is similar to our Rule 19(a):

after the death of a defendant. *See, e.g.*, *United States v. Ajrawat*, 738 F. App'x 136, 138 (4th Cir. 2018); *United States v. Libous*, 858 F.3d 64, 65 n.1 (2d Cir. 2017). Nothing in the language of our Rule 19 precludes its application in criminal cases.

Second, even if Rule 19 needs revisions, this Court could and should adopt an interim procedure until changes to the rule become effective. We have adopted interim rules before. *See State v. Harrison*, 270 S.W.3d 21, 36 (Tenn. 2008) (adopting temporary procedures governing discovery and disclosure of evidence in pretrial competency proceedings in criminal cases); *Doe v. Doe*, 127 S.W.3d 728, 737 (Tenn. 2004) (allowing "proposed amendment" to serve as interim rule until formal adoption of amended rule). By not adopting an interim rule, we do an injustice to defendants who die while their appeals are pending. There are at least five other cases pending in the Court of Criminal Appeals and this Court involving deceased defendants and the abatement doctrine.[5]

Proceeding through the Advisory Commission is a long and winding process. The Advisory Commission meets only periodically to consider rule revisions. Once the Advisory Commission recommends a change, this Court must consider any proposed revision and if approved, the revision is presented to the General Assembly for adoption. Meanwhile, deceased defendants are denied any appellate review.

In sum, while I agree that we should abandon the doctrine of abatement ab initio, I do not join in the Court's decision to dismiss this appeal without adopting a procedure for appellate review of a deceased defendant's conviction and then remanding to give the parties the opportunity to present evidence based on the new procedure. The Court's decision changes precedent that has been in effect for over half a century and, in doing so, deprives Mr. Mutory—and other defendants who have died or will die while their appeals are pending—of any appellate review. We must assure the public that appellate courts will review trial court decisions for accuracy and fairness and not deprive a defendant of the ability to challenge a wrongful conviction when that conviction adversely affects the defendant's family or estate.

---

> If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party.

Fed. R. App. P. 43(a)(1).

[5] These cases involving deceased defendants and abatement are pending in the Court of Criminal Appeals: *State v. Edward Lynn Irwin*, No. E2018-00021-CCA-R3-CD; *State v. Cardis Terran Burns*, No. E2018-01686-CCA-R3-CD; and *State v. Roy Thomas Grunch*, No. M2017-02201-CCA-R3-CD. The State also has filed applications for permission to appeal in this Court in two cases in which the defendant died while the appeal was pending: *State v. Napoleon Alexander Bryan*, No. M2017-00142-SC-R11-CD (filed July 19, 2018) and *Carl Moore v. State*, No. W2017-01480-SC-R11-CD (filed September 10, 2018).

In the interests of justice, I concur in part and dissent in part.


                                                    _____
                                                    SHARON G. LEE, JUSTICE