*United States v. Libous*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

August Term, 2016

(Submitted: November 22, 2016      Decided: May 30, 2017)

Docket No. 15-3979

_____

UNITED STATES OF AMERICA,

*Appellee,*

-- v. --

FRANCES M. LIBOUS, Executrix of the Estate of Thomas W. Libous,

*Defendant-Appellant,*

THOMAS W. LIBOUS,

*Defendant.*[*]

_____

_____

[*] The official caption has been amended to conform to the caption above.

Before:

KATZMANN, *Chief Judge*, WINTER, *Circuit Judge*, and STEIN,** *District Judge.*

_____

In 2015, a federal jury convicted former New York State Senator Thomas W. Libous of making false statements to the FBI in violation of 18 U.S.C. § 1001. Libous died while his appeal before this Court was pending. Pursuant to the doctrine of abatement *ab initio*, Frances M. Libous, executrix of the estate of Thomas W. Libous, moves to withdraw the appeal, to vacate the underlying judgment of conviction, and for remand to the district court for dismissal of the indictment and return of the fine and special assessment paid by Libous in satisfaction of his criminal sentence. The government consents to the abatement of Libous's conviction but opposes the return of the fine and special assessment. Because the government has no right to retain fines imposed pursuant to a conviction that is subsequently vacated, we **GRANT** the motion in its entirety.

_____

> Benjamin Allee, Assistant United States Attorney, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.
>
> Paul DerOhannesian II, DerOhannesian & DerOhannesian, Albany, NY, *for Defendant-Appellant.*

_____

KATZMANN, *Chief Judge*:

Under the well-established doctrine of abatement *ab initio*, when a convicted defendant dies pending an appeal as of right, his conviction abates, the underlying indictment is dismissed, and his estate is relieved of any obligation to

---

** Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

pay a criminal fine imposed at sentence. In this case, we are asked to decide whether, under the doctrine of abatement, a defendant's estate is also entitled to the return of a criminal fine that the defendant paid before his death. We hold that it is.

## BACKGROUND

On July 22, 2015, a federal jury convicted former New York State Senator Thomas W. Libous of making false statements to the FBI in violation of 18 U.S.C. § 1001. At sentencing, the district court (Briccetti, *J.*) imposed a two-year term of probation on Libous—who doctors determined had less than a year to live— along with a $50,000 fine and the mandatory $100 special assessment. The district court denied Libous's request to stay the sentence pending appeal, and Libous paid the fine and special assessment. In May 2016, after filing a notice of appeal but before filing an appellate brief, Libous succumbed to prostate cancer. Frances M. Libous, acting in her capacity as the executrix of Libous's estate, now moves to withdraw the appeal.[1] Invoking the common law doctrine of abatement *ab initio*, she further asks that we vacate the judgment of conviction, remand to the

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(a)(1), we grant the request to substitute Frances M. Libous for Thomas W. Libous as the party to this appeal.

district court for the dismissal of the indictment, and order the return of the $50,000 fine and $100 special assessment.

## DISCUSSION

In the federal courts, "when a convicted defendant dies while his direct appeal as of right is pending, his death abates not only the appeal but also all proceedings had in the prosecution from its inception." *United States v. Wright*, 160 F.3d 905, 908 (2d Cir. 1998) (internal quotation marks omitted); *United States v. Christopher*, 273 F.3d 294, 297 (3d Cir. 2001) ("[T]he rule followed almost unanimously by the [federal] Courts of Appeals is that a conviction abates on the death of the accused before his appeal has been decided."). To effectuate this common law rule, "we normally vacate the judgment and remand to the district court with instructions to dismiss the indictment." *Krantz v. United States*, 224 F.3d 125, 126 (2d Cir. 2000) (per curiam) (internal quotation mark omitted). In other words, the criminal proceedings abate *ab initio*: "[T]he appeal does not just disappear, and the case is not merely dismissed. Instead, everything associated with the case is extinguished, leaving the defendant as if he had never been indicted or convicted." *United States v. Estate of Parsons*, 367 F.3d 409, 413 (5th Cir. 2004) (en banc) (internal quotation marks omitted); *see also United States v. Logal*,

4

106 F.3d 1547, 1552 (11th Cir. 1997) ("Under the doctrine of abatement *ab initio* . . . the defendant stands as if he never had been indicted or convicted." (internal quotation marks omitted)).

The somewhat obscure doctrine of abatement is principally animated by two considerations. "First, the interests of justice ordinarily require that a defendant not stand convicted without resolution of the merits of an appeal." *Wright*, 160 F.3d at 908 (internal quotation marks and alterations omitted). "Second, to the extent that the judgment of conviction orders incarceration or other sanctions that are designed to punish the defendant, that purpose can no longer be served." *Id.* The first rationale—what we will call the "finality rationale"—is "grounded in procedural due process concerns" and more readily supports the far-reaching consequences of abatement *ab initio. United States v. DeMichael*, 461 F.3d 414, 416 (3d Cir. 2006); *see also Estate of Parsons*, 367 F.3d at 415 (recognizing the finality rationale as "the primary reason behind abatement" because it "provides a better explanation why all *prior* proceedings disappear"). In particular, the finality rationale reflects the notion "that the state should not label one as guilty until he has exhausted his opportunity to appeal." *United States v. Volpendesto*, 755 F.3d 448, 453 (7th Cir. 2014) (internal quotation marks

5

omitted); *see also Logal*, 106 F.3d at 1552 ("[A] fundamental principle of our jurisprudence from which the abatement principle is derived is that a criminal conviction is not final until resolution of the defendant's appeal as a matter of right."); *United States v. Pauline*, 625 F.2d 684, 685 (5th Cir. 1980) ("[W]hen . . . death has deprived the accused of his right to our decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence." (internal quotation marks and alterations omitted)).

The government consents to the vacatur of Libous's conviction, which it recognizes our precedents demand. And the government does not oppose the dismissal of the indictment or dispute that an *unpaid* fine would abate along with the conviction. *See, e.g., Christopher*, 273 F.3d at 297 ("Criminal forfeitures and fines are subject to abatement."). Nevertheless, the government opposes the estate's request for the return of the $50,000 fine imposed on Libous at sentencing, arguing that the policies underlying abatement do not support the abatement of a paid fine.

We disagree. Since Libous "stands as if he never had been indicted or convicted," *Logal*, 106 F.3d at 1552, "at least in the eyes of the criminal court . . .

6

[he] is no longer a wrongdoer," *Estate of Parsons*, 367 F.3d at 416. There is no legal basis on which the state can retain a fine exacted from Libous as punishment for an offense he is now presumed not to have committed. *Cf. Volpendesto*, 755 F.3d at 454 (abating criminal restitution order where defendant died pending appeal because "[w]ithout a final criminal conviction, there can be no order of restitution under 18 U.S.C. § 3556"). Once Libous's conviction is vacated, the state is as much entitled to retain the fine as if Libous had been acquitted.[2] And in our system of criminal justice, the state is not permitted to charge the accused for the privilege of having been prosecuted.

Our conclusion is reinforced by the Supreme Court's recent decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017). In *Nelson*, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur," the state is required under the Fourteenth Amendment's due process guarantee "to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction." *Id.* at 1252. Once a defendant's conviction is "erased, the presumption of [his] innocence [is] restored," *id.* at 1255, and the state "has no interest in withholding from [a defendant] money to

---

[2] We express no view on how abatement operates, if at all, in the event the defendant commits suicide pending an appeal as of right.

which the [s]tate currently has zero claim of right," *id.* at 1257. At bottom, the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions." *Id.* at 1256.

To be sure, *Nelson* was contemplating convictions that were reversed or vacated due to some identified infirmity in the underlying proceedings, rather than convictions that were abated as a result of the appellant's death. One could argue that Libous's conviction was not "invalidated" within the meaning of *Nelson*.[3] Nevertheless, at a minimum, the logic of *Nelson* strongly supports abating the fine.

The government argues that the fine should not abate because the punitive purpose of the fine was served when Libous paid it before he died. As a result, the government submits, the second rationale for abatement—that there is no point in punishing the deceased—is not applicable. That's true enough. But this observation does nothing to explain why the *first* rationale for abatement—the finality rationale—does not apply with equal force in the case of paid fines as it does in the case of unpaid fines. Taking the government's position to its logical

---

[3] On the other hand, the *Nelson* Court made a point of not parsing the reasons that a conviction was reversed or vacated. *See Nelson*, 137 S. Ct. at 1256 n.10 (noting that "reversal is reversal, regardless of the reason, and an invalid conviction is no conviction at all" (internal quotation marks omitted)).

conclusion, why abate the conviction of the deceased defendant at all? The conviction, after all, served its purpose, acting to condemn the defendant during his lifetime. That is not the law, however, because abatement *ab initio* is premised at least as much, if not more, on the fairness of allowing a conviction and penalties to stand when a defendant dies pending an appeal as of right as it is on the futility of punishing the deceased. *See Estate of Parsons*, 367 F.3d at 413–15 (adopting finality rationale as "primary justification" for abatement). Moreover, if we were to adopt the government's approach, we would be privileging defendants who had not paid their criminal fines at the time of death over those who had.

The government suggests that abating the fine would be tantamount to determining that Libous's punishment was illegitimate. Not so. Abating the fine does not reflect a determination that Libous was wrongfully punished, just as abating his conviction does not reflect a determination that the conviction was wrongfully obtained. *See id.* at 416 ("Despite what may have been proven at trial, the trial is deemed not to have taken place."). Instead, it reflects a recognition that there is no longer a valid conviction to support the government's retention of the fine. *Cf. Nelson*, 137 S. Ct. at 1252, 1257.

Finally, the government argues that a paid fine is analogous to time served and is therefore not refundable, relying on a Seventh Circuit decision that adopted that reasoning. *See United States v. Zizzo*, 120 F.3d 1338, 1346–47 (7th Cir. 1997) ("The fine and assessments served to deprive [the defendant] . . . of some of his resources during his lifetime. They are analogous to time served and are not refundable."). We find the analogy inapt. That time served cannot be abated is a principle of nature, not of law. A paid fine, by contrast, can easily be returned to the defendant's estate. *See United States v. Sheehan*, 874 F. Supp. 31, 34 (D. Mass. 1994) (ordering the government to return fine to the estate of a defendant who died pending appeal because while "[t]ime served pursuant to a judgment later voided cannot be recovered[,] . . . this unhappy circumstance does not mean that the defendant (or his estate) should also be deprived of fine monies taken by a judgment determined to be without any legal force"); *cf. Nelson*, 137 S. Ct. at 1257 (rejecting state's argument that because defendants are not automatically entitled to compensation for time spent wrongfully incarcerated, the state need not return sums exacted pursuant to a subsequently invalidated conviction).

The government also points to *United States v. Schumann*, 861 F.2d 1234 (11th Cir. 1988), which held that a fine paid by the defendant before his death did

10

not abate because "the penalty operated as a punishment to [the defendant] rather than to his estate." *Id.* at 1236. Critically, neither *Zizzo* nor *Schumann* acknowledged the finality rationale for abatement—and, for the reasons explained above, we find that their holdings cannot be reconciled with that rationale. *See Sheehan*, 874 F. Supp. at 33–34 ("By emphasizing the various penal dimensions to sentences partially executed before they are abated, the cases [indicating that paid fines do not abate] lose sight of the fundamental character of the issue: the ultimate judicial determination to render null and void the underlying judgment."). They were also decided before the Supreme Court's decision in *Nelson v. Colorado*, as were cases in which courts noted in passing that paid fines are not subject to abatement. *See, e.g., United States v. Rich*, 603 F.3d 722, 724 n.3 (9th Cir. 2010) ("[F]ines already paid need not be refunded because they are the equivalent of time-served."); *Estate of Parsons*, 367 F.3d at 413 & n.6 (citing *Zizzo* and *Schumann*).

We recognize that the consequences of abatement can be unsettling. In certain cases, they can surely be devastating to those affected by the defendant's conduct. The inclination to allow some component of the deceased defendant's punishment to stand is therefore an understandable one. But "the sources of such

11

satisfactions are not found in a reasoned evaluation of the relevant juridical concepts." *Sheehan*, 874 F. Supp. at 35; *cf. Volpendesto*, 755 F.3d at 454–55 (Sykes, J., concurring) (expressing skepticism of abatement *ab initio* as a policy matter while agreeing that, as long as the doctrine remains the law, restitution orders imposed pursuant to abated convictions must also abate). If Libous's conviction is to be vacated and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine.

Abatement *ab initio* is a common law doctrine: If Congress deems it an undesirable one, it can act accordingly.

## CONCLUSION

For the foregoing reasons, the appellant's motion is GRANTED, Libous's judgment of conviction is VACATED, and the case is REMANDED for the dismissal of the indictment and the return of the fine and special assessment imposed on Libous pursuant to his now-vacated conviction.