**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4231

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SARTAJ SINGH AJRAWAT, as Administrator of the Estate of Paramjit Ajrawat,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:14-cr-00316-DKC-1)

Argued:  September 12, 2017                     Decided:  June 20, 2018

Before TRAXLER and KING, Circuit Judges, and Raymond A. JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Motion for abatement granted and remanded with instructions, and appeal dismissed by unpublished per curiam order.

**O R D E R**

PER CURIAM:

Defendant-Appellant Paramjit Ajrawat died while appealing his criminal conviction and sentence. Sartaj Singh Ajrawat (the "Administrator"), Administrator of Paramjit Ajrawat's Estate, moves for abatement of Ajrawat's conviction and sentence, including the orders of restitution and forfeiture and the special assessment, all of which were imposed upon, and as a consequence of, the conviction. For the reasons stated below, we grant the motion for abatement and remand with instructions to vacate Ajrawat's conviction and sentence; to dismiss the indictments; to vacate the orders of restitution and forfeiture and the special assessment; and to order repayment of any monies paid as a consequence of the conviction. We dismiss the appeal as moot.

I.

Ajrawat was convicted by a jury of health care fraud, in violation of 18 U.S.C. § 1347; wire fraud, in violation of 18 U.S.C. § 1343; and aggravated identity theft, in violation of 18 U.S.C. § 1028A.[1] The district court imposed a total prison term of 111 months. The district court entered an order of restitution in the amount of $3,103,874.58

---

[1] Ajrawat was also convicted of making false statements relating to health care matters, *see* 18 U.S.C. § 1035(a), and obstruction of justice, *see* 18 U.S.C. § 1512(c)(2). He does not appeal these convictions. The Government does not argue that any of Ajrawat's unappealed convictions affect the question of abatement.

and an order of forfeiture in the same amount - $3,103,874.58. The district court also imposed a special assessment of $900.

Ajrawat filed an appeal challenging these convictions and various aspects of his sentence. In November 2017, while his appeal was pending, Ajrawat passed away. Subsequently, the Administrator was appointed in Maryland to handle Ajrawat's estate. Pursuant to Rule 43(a) of the Federal Rules of Appellate Procedure, we granted the Administrator's motion to be substituted as the Defendant-Appellant in this matter.

The Fourth Circuit has long followed the well-established rule that "[d]eath pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception." *United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1984). In such circumstances, the underlying conviction, as well as any accompanying sanctions that are "purely penal," are "extinguished" by the death of the appellant. *Id.* As we have explained, the proper course is dismissal of the appeal and "remand[] to the district court with instructions to vacate the judgment and to dismiss the indictment." *Id.* Thus, the "rule of abatement *ab initio*" applies to prevent the recovery of fines or other "purely penal" sanctions against the estate. *Id.*

II.

The Government agrees that Ajrawat's convictions, sentence, and any unpaid portion of the special assessment should be vacated. The Government further agrees that the indictments issued in this case should be dismissed as well. The Government contends, however, that the orders of restitution and forfeiture, as well as any paid portion of the special assessment, were unaffected by Ajrawat's death.

3

The Government contends that the outcome here is controlled by *Dudley*. As in this case, the appellant in *Dudley* died during the pendency of the appeal of his criminal conviction, and the parties agreed that his death abated the underlying conviction and the levy of any fine against his estate. *See id.* The parties disagreed, however, as to whether the abatement *ab initio* rule applied to the order of judgment to the extent that it required the defendant to pay restitution to a federal agency. The Government argued in *Dudley* that the order of restitution was not abated by the death of the appellant because "unlike a fine or sentence to imprisonment, . . . its purposes are predominantly restitutionary." *Id.* at 177. This court agreed with the government that the key with respect to whether abatement applies is penal intent, stating that even though an order of restitution may be "in some respects penal," it "has the predominately compensatory purpose of reducing the adverse impact on the victim." *Id.*

In response, the Administrator contends that to the extent *Dudley* holds that an order of restitution is not abated by the death of a party during the pendency of the direct appeal of a criminal conviction, it is no longer good law following *Nelson v. Colorado*, 137 S. Ct. 1249, 1252 (2017). In *Nelson*, the Supreme Court held that "[w]hen a criminal conviction is *invalidated* by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and *restitution exacted from the defendant upon, and as a consequence of, the conviction*." *Id.* (emphasis added). *Nelson* involved a due process challenge to a state law that permitted a defendant whose conviction had been reversed or vacated to receive a refund of funds paid as a result of the conviction—including restitution—only by proving his actual innocence by clear and convincing

4

evidence in a separate civil proceeding. *See id.* at 1254-55. The Court concluded that the statute violated due process by permitting the continued deprivation of funds in the absence of a valid conviction—"once those convictions were erased, the presumption of [defendants'] innocence was restored." *Id.* at 1255. *Nelson* requires the return of funds taken "solely because of . . . now-invalidated convictions." *Id.* at 1256.

That *Nelson*'s analysis was grounded in due process rather than the abatement *ab initio* rule does not preclude its application here. In a post-*Nelson* decision, the Second Circuit considered the question now before us – whether "when a criminal conviction abates upon the death of a defendant, any restitution ordered as a result of that conviction must also abate." *United States v. Brooks*, 872 F.3d 78, 89 (2d Cir. 2017). The Second Circuit answered affirmatively, explaining as follows:

> *Nelson* was resolved on the basis of due process violations rather than the application of the abatement *ab initio* doctrine. Nevertheless, the reasoning of *Nelson* also compels abating monetary penalties where a defendant dies during his direct appeal, as there is no longer a valid conviction to support the government's retention of the penalty. The statutory predicate for restitution . . . is a conviction, and once that conviction has been vacated—even by abatement upon the death of the defendant—there is no longer a basis to require payment of restitution.

*Id.* (internal quotation marks, citation, and alteration omitted).

We agree. When a defendant dies pending the resolution of the direct appeal of his conviction, "everything associated with the case is extinguished, leaving the defendant as if he had never been indicted or convicted." *United States v. Libous*, 858 F.3d 64, 66 (2d Cir. 2017) (internal quotation marks omitted). Thus, "[w]hether restitution is compensatory rather than in the nature of punishment is irrelevant to this

5

inquiry when the conviction underlying the order of restitution has abated." *Brooks*, 872 F.3d at 91. In light of *Nelson*, we can no longer say that an order of restitution is an exception to this rule; to the extent *Dudley* conflicts with *Nelson* in this regard, it is no longer good law.

The Government suggests that *Nelson*'s reasoning does not apply here because the convictions in *Nelson* were overturned on appeal based on trial error and then, upon retrial, one defendant was acquitted and the other was never re-tried. *Nelson* itself answers this argument. In making clear the question is *whether* the conviction was vacated, rather than *why* the conviction was vacated, *Nelson* explains that "reversal is reversal, regardless of the reason, and an invalid conviction is no conviction at all." 137 S. Ct. at 1256 n.10 (internal quotation marks and alteration omitted). When the underlying conviction is invalidated—regardless of the reason—there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction.

Finally, we also reject the Government's argument that the order of forfeiture and the already-paid portion of the special assessment should stand despite Ajrawat's death while his appeal was pending. The same principles derived from *Nelson* that compel abatement of the restitution order apply to the order of forfeiture and the special assessment as well. Both were imposed only as a consequence of a valid conviction.

Because Ajrawat's conviction has been extinguished, the order of forfeiture and the special assessment must be abated.[2]

III.

For the foregoing reasons, we grant the Administrator's motion for abatement and remand to the district court with instructions to vacate Ajrawat's conviction and sentence, including the orders of restitution and forfeiture and the special assessment; to dismiss all indictments relating to the underlying conviction; to refund any portion of the special assessment that has already been paid; and to order repayment of any other monies paid as a consequence of these convictions. This appeal is dismissed as moot.

IT IS SO ORDERED.

---

[2] We note that the Government's argument would have been unavailing even prior to *Nelson* under *United States v. Dudley*, 739 F.2d 175 (4th Cir. 1984). In *Dudley*, upon which the Government relies for its argument that the restitution order should not be abated in this case, we noted a "substantial difference between restitution to the person victimized by the crime . . . and forfeiture, collectible only by the avenging United States government bent on punishing an offender." *Id.* at 177. Because "[f]orfeiture has an exclusively punitive, *i.e.*, penal, character," *id.*, it has long been the case that a forfeiture order abates upon the death of the defendant-appellant. The same would be true of the special assessment.