[Cite as *State v. Bradley*, 2018-Ohio-631.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                   :        **O P I N I O N**

      Plaintiff-Appellee,       :

    - vs -                    :        **CASE NO. 2017-T-0011**

COREY LAMAR BRADLEY,             :

      Defendant-Appellant.      :

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00886.

Judgment:  Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}   Appellant Corey Lamar Bradley appealed his conviction for harassment with a bodily substance in violation of R.C. 2921.38(B), a fifth-degree felony.  While this appeal was pending, Bradley died.  Appellant's counsel filed a suggestion of death.  Neither party intends to substitute a representative.

{¶2}   The Supreme Court of Ohio has addressed the fate of a direct appeal from a criminal conviction when the appellant dies while the appeal is pending.  *State v. McGettrick,* 31 Ohio St.3d 138, 509 N.E.3d 378 (1987).  Upon construing App.R. 29,

*McGettrick* found that either party to the appeal may move to substitute a representative as the party appellant, and the court shall proceed to address the merits.  *Id.* at 141-142.

{¶3}    After a reasonable time and absent a motion to substitute, however, "the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment." *Id.*

{¶4}    "[I]n using the term 'may' rather than 'shall,' the *McGettrick* court's holding is stated in a manner which would appear to give an appellate court discretion in rendering the appeal moot, vacating the judgment, and dismissing the indictment. However, it is * * * our impression that an appellate court 'must' proceed to dismiss the appeal, vacate the conviction, and dismiss the indictment when an appropriate party is not substituted by one with the power to request substitution under App.R. 29(A). This is because, as noted by the *McGettrick* court, pursuant to App.R. 29(A), substitution is not automatic; affirmative action is required before substitution may be afforded."  (Citations omitted.)   *State v. Fisher,* 11th Dist. Trumbull No. 93-T-4938, 1994 WL 320925, *1 (June 30, 1994); *State v. McGilvary,* 7th Dist. Mahoning No. 15MA15, 2015-Ohio-4825, ¶11;  *State v. Liddy,* 11th Dist. Lake No. 2010-L-135, 2011-Ohio-5866, ¶9.

{¶5}    Here, neither party moved to substitute a personal representative in Bradley's place.  Accordingly, we dismiss the appeal as moot, vacate the original judgment of conviction, and dismiss all related criminal proceedings, including the original indictment.

TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

2