OPINION
{¶ 1} On June 10, 1997, appellant, Jeffrey Mesaros, and appellee, Peggy Mesaros, were married. On February 26, 2007, appellee filed a complaint for divorce.
 {¶ 2} Following a temporary hearing, appellant was ordered to reinstate appellee on his health insurance. See, Decision filed March 15, 2007. On May 23, 2007, appellee filed a motion for contempt against appellant due to his failure to follow the order. A hearing was held on August 28, 2007. By judgment entry filed August 29,
2007, the trial court found appellant in contempt. Appellant was ordered to serve thirty days in jail and pay a $250.00 fine, or purge the contempt by paying $1,996.31 plus $750.00 in partial attorney fees. A judgment entry decree of divorce was filed on September 10, 2007.
 {¶ 3} On October 9, 2007, appellant filed an appeal. Thereafter, on February 3,
2008, appellant passed away. See, Appellant Rule 29(A) Death of a Party filed March 27, 2008. This matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "APPELLANT MESAROS'S CONVICTION FOR CONTEMPT WAS AGAINST THE WEIGHT OF THE EVIDENCE."
 I {¶ 5} Appellant's sole assignment of error challenged the trial court's finding of contempt as being against the manifest weight of the evidence. Appellant claimed the evidence established he was unable to reinstate appellee on his health insurance until *Page 3 
his employer's open enrollment period. Appellant did not challenge the purge order of $1,996.31 plus $750.00 in partial attorney fees.
 {¶ 6} On March 7, 2008, appellant's counsel filed an App. R. 29(A) notice, informing this court of appellant's death on February 3, 2008. Appellant's counsel and appellee and her counsel appeared for oral argument on April 24, 2008, and all concurred because of appellant's insolvency, there was no estate and therefore no need for substitution of a party.
 {¶ 7} App. R. 29(A) states the following in pertinent part:
 {¶ 8} "If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of the court of appeals."
 {¶ 9} In State v. McGettrick (1987), 31 Ohio St.3d 138, the Supreme Court of Ohio reviewed the death of a criminal defendant during the pendency of his appeal, and held the following at 142-143:
 {¶ 10} "Therefore, we hold that when a criminal defendant-appellant dies while his appeal is pending and no personal representative is, within a reasonable time, subsequently appointed, the state may suggest the decedent's death on the record and, upon motion by the state for substitution of a party, the court of appeals should substitute any proper person, including the decedent's attorney of record, as party defendant-appellant and proceed to determine the appeal. Absent such a motion for substitution of a party, filed within a reasonable time by the state, * * * the court of appeals *Page 4 
may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment." (Footnote omitted.)
 {¶ 11} Because a motion for substitution of a party has not been made, there is no estate to satisfy the purge order, and obviously appellant's death prevents him from serving jail time, we find the matter of contempt sub judice is indeed moot.
 {¶ 12} This appeal is dismissed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. *Page 1