[Cite as *Murtha v. Dyer*, 2013-Ohio-2970.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| MICHAEL J. MURTHA, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-11-120 |
| | : | O P I N I O N |
| - vs - | | 7/8/2013 |
| | : | |
| JORDAN N. DYER, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 11CV79101

Byron D. Corley, 22 North Walnut Street, Mansfield, Ohio 44902, for appellant, Thelma Murtha

Steven O. Dean, 130 West Second Street, Suite 1500, Dayton, Ohio 45402, for defendant-appellee, Jordan N. Dyer

Nathan J. Elter, 11 South Broadway, Suite 200, Lebanon, Ohio 45036, guardian ad litem

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Michael Murtha, appeals a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Jordan Dyer.

{¶ 2} On the night of February 5, 2009, Murtha was attempting to cross State Route

73 when he was struck by a car driven by Dyer. Murtha, who had a blood alcohol level of .253 at the time, was wearing dark clothing, was not in a designated cross-walk, and did not move out of the way or try to avoid being hit by Dyer's car. Dyer, who was traveling within the posted speed limit, did not see Murtha step into the road until it was too late to avoid hitting him. Murtha sustained serious injuries, and remained in a coma from the date of the accident until his death on October 16, 2012.

{¶ 3} Murtha, by and through counsel, filed suit against Dyer and her father, who owned the car Dyer was driving on the night of the accident. Murtha later dismissed the complaint against Dyer's father, but proceeded with the negligence suit against Dyer. During the pendency of the proceedings, discovery proceeded and Dyer was deposed. Dyer then moved for summary judgment on September 21, 2012, but Murtha neither responded to the motion nor requested additional time to respond. The trial court granted Dyer's motion for summary judgment on October 30, 2012, and sent notice of the final appealable order to the parties on October 31, 2012. On November 1, 2012, Murtha's attorney filed a suggestion of death informing the trial court that Murtha passed away on October 16, 2012.

{¶ 4} On November 27, 2012, Thelma Murtha – although she was not named as a plaintiff in the complaint and had not been formally substituted as a party pursuant to Civ.R. 25 – filed a notice of appeal in the trial court claiming to be "Murtha's surviving spouse and purported applicant to administer Murtha's estate." The spouse argued it was error to grant summary judgment once a suggestion of death had been made on the record. On May 20, 2013, this court issued an entry pursuant to App.R. 29(A) specifically ordering Murtha's counsel to "prepare and file a notice of substitution of party for Michael J. Murtha within 14 days of the date of this entry or on or before June 3, 2013." Murtha's attorney did not file the ordered substitution of parties or otherwise respond to the May 20 entry.

{¶ 5} App.R. 29(A) provides that:

- 2 -

> If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by his personal representative, or, if he has no personal representative, by his attorney of record within the time prescribed by these rules. After the notice of appeal is filed, substitution shall be effected in the court of appeals in accordance with this subdivision.

Murtha's death triggered the provision of App.R. 29 which would permit either his personal representative or attorney of record to file a notice of appeal on his behalf. Clearly, Murtha's attorney did not personally file a notice of appeal nor was Murtha's surviving spouse a party to the action below. Although the spouse claims to be an applicant to administer Murtha's estate, there is nothing in the record to show either an estate opened for Murtha or, even if such was done, that the spouse was appointed as the personal representative of that estate.

{¶ 6} Nevertheless, according to the rule, substitution of a proper party to proceed with Murtha's case was required to be made in this court. No one filed a notice of substitution, or took any steps to comply with App.R. 29(A) or this court's specific entry directing proper substitution of parties. Without the proper party to pursue an appeal on the deceased Murtha's behalf, this court has no option but to dismiss Murtha's appeal. *See Lopez v. Veitran*, 1st Dist. No. C-110511, 2012-Ohio-1216; *Mesaros v. Mesaros*, 5th Dist. No. 2007CA00284, 2008-Ohio-2579.

{¶ 7} Appeal dismissed.

HENDRICKSON, P.J., and S. POWELL, J., concur.