[Cite as *State v. Studer*, 2014-Ohio-591.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
|---|---|---|
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 13CA60 |
| | : | |
| BRENDA STUDER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Mansfield Municipal
                                        Court Case No. 2011-CRB-1654



JUDGMENT:                               APPEAL DISMISSED




DATE OF JUDGMENT ENTRY:                 February 10, 2014




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

MICHAEL J. KEMERER                      THOMAS L. MASON
ASSISTANT LAW DIRECTOR                  MASON, MASON, & KEARNS
CITY OF MANSFIELD                       P.O. Box 345
30 North Diamond St.                    153 West Main St.
Mansfield, OH 44902                     Ashland, OH 44805

*Delaney, J.*

{¶1} Appellant Brenda Studer appeals from the June 11, 2013 Judgment Entry of the Mansfield Municipal Court. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's conviction is not necessary to our disposition of this appeal.

{¶3} Appellant was convicted upon trial by jury of disorderly conduct, resisting arrest, and two counts of animal cruelty in the Mansfield Municipal Court. Appellant directly appealed from her convictions and sentences, raising 14 assignments of error. We sustained three of appellant's assignments of error and remanded the matter to the trial court, finding she should have been convicted of disorderly conduct as a minor misdemeanor rather than as a fourth-degree misdemeanor. We overruled the remaining assignments of error. *Mansfield v. Studer*, 5th Dist. Richland Nos. 2011-CA-93, 2011-CA-94, 2012-Ohio-4840, appeal not allowed, 134 Ohio St.3d 1485, 2013-Ohio-902, 984 N.E.2d 29, reconsideration denied, 135 Ohio St.3d 1436, 2013-Ohio-1857, 2013-Ohio-1857, 986 N.E.2d 1024.

{¶4} On April 2, 2013, appellant filed a motion to dismiss in the trial court, arguing the trial court did not have subject matter jurisdiction. The trial court held a hearing and overruled appellant's motion by Judgment Entry dated June 11, 2013.

{¶5} Appellant subsequently appealed from the trial court's June 11, 2013 judgment entry.

{¶6} On August 8, 2013, appellant died, as evidenced by a copy of a death certificate appended to appellee's brief as Attachment 2.

{¶7}   Neither party has moved this Court to substitute a party for appellant.

{¶8}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶9}   "I. THE TRIAL COURT ERRED BY NOT DISMISSING THE APPELLANT'S CONVICTION WHERE THE CHARGING INSTRUMENT WAS NOT SWORN."

**ANALYSIS**

{¶10} Because we find the within appeal to be moot in light of appellant's death, we dismiss this appeal for the following reasons.

{¶11} App.R. 29(A) states in pertinent part:  "If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of the court of appeals. * * * *."

{¶12} The Ohio Supreme Court construed App.R. 29(A) in the context of a criminal appeal thusly:

> When a criminal defendant-appellant dies while his appeal is pending and, subsequently, within a reasonable time, a personal representative of the decedent is appointed, that representative may be substituted as a party on motion by the decedent's representative or the state under the then existing style of the case, and the court of appeals shall proceed to determine the appeal. **Absent such a motion, filed within a reasonable time by the state, for substitution of a party, the court of appeals may**

> **dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment.** (App.R. 29[A], construed and applied).
>
> *State v. McGettrick,* 31 Ohio St.3d 138, 509 N.E.2d 378, paragraph one of the syllabus. (Emphasis added.)

{¶13} In the instant case, no motion has been made for substitution of a party. Furthermore, we find the matter of appellant's subject-matter jurisdiction argument moot.

{¶14} We therefore dismiss this appeal. *Mesaros v. Mesaros*, 5th Dist. Stark No. 2007CA00284, 2008-Ohio-2579, ¶ 11-12.

## CONCLUSION

{¶15} The appeal is dismissed as moot.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.