[Cite as *State v. Mills*, 2022-Ohio-369.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JOHN CLINTON MILLS, SR., | : | Case No. 2021 CA 0054 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Richland County
Court of Common Pleas, Case No.
2006 CR 0843

JUDGMENT: Dismissed

DATE OF JUDGMENT: February 8, 2022

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
Richland County

By: VICTORIA E. MUNSON
Assistant Prosecuting Attorney
38 South Park Street, Second Floor
Mansfield, Ohio 44902

For Defendant-Appellant

CARLY M. EDELSTEIN
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Baldwin, P.J.*

{¶1}   Appellant, John Clinton Mills, Sr, appeals from the June 21, 2021 decision of the Richland County Court of Common Pleas denying his motion to waive or modify appointed counsel fees.

### STATEMENT OF FACTS AND THE CASE

{¶2}   A statement of the facts underlying appellant's conviction is unnecessary for our disposition of this appeal.

{¶3}   On April 4, 2007 Mills plead guilty to possession of drugs in violation of R.C. 2925.11(A) and he was sentenced to nine months in prison and five years of post release control.  The trial court delivered a statement seeking payment of costs and fees to Mills on April 9, 2007.  An updated statement was sent on July 20, 2007 but no payment was received.  Additional statements were sent on July 22, 2019 and August 22, 2019 but were returned for lack of a correct address.  The matter was sent to collection and Mills was located.

{¶4}   Mills filed a pro-se motion to waive fees and costs on April 9, 2021, the state responded on May 19, 2021 and Mills, represented by counsel, filed a reply on June 1, 2021.  On June 21, 2021, the trial court dismissed the motion concluding that it was barred by res judicata.

{¶5}   Mills filed a timely appeal and submitted two assignments of error:

{¶6}   "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. MILLS' MOTION TO WAIVE COSTS ON RES JUDICATA GROUNDS."

{¶7}   "II. THE COURT ERRED BY FAILING TO REVIEW COSTS, FOLLOWING MR. MILLS' MOTION, ON THE BASIS OF RES JUDICATA, WHICH VIOLATED THE

EQUAL PROTECTION CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS BY ELIMINATING THE REQUIRED PROTECTIONS FOR REVIEWING COSTS AT THE TIME OF ENFORCEMENT."

**{¶8}** The matter was scheduled for oral argument on December 9, 2021, but, on October 17, 2021, Mills passed away. The state filed a suggestion of death on November 3, 2021 and counsel for Mills filed a suggestion of death on November 24, 2021. Neither party has moved this court to substitute the estate or any person for the decedent in this case.

**{¶9}** The matter came before us for oral argument on December 9, 2021 and this court granted the parties leave to file supplemental briefs addressing "whether this matter is moot and should be dismissed due to the death of the Appellant." (Magistrate Order, Dec. 14, 2021). The parties have filed supplemental briefs regarding this question and the matter is before this court for consideration.

**ANALYSIS**

**{¶10}** Appellant's counsel urges this court to find that the matter is not moot simply because the appellant has passed and that a motion to substitute a party may be made sometime in the future. Mills passed away on October 17, 2021, one hundred seven days ago, the first suggestion of death was filed over ninety days ago, and no motion to substitute a party for the decedent has been filed by either party. Appellant's counsel has not indicated when or if such a motion will be filed aside from stating that the decedent's "estate may still file a motion substituting the parties within a reasonable time." (Supplemental Brief of Appellant John Clinton Mills, Sr, Jan. 20, 2022, p.3).

**{¶11}** Appellant's counsel also provides no insight or argument regarding a definition of "reasonable time" aside from a reference to the holding of *Hackett & Arnold, Inc. v. Notash*, 8th Dist. Cuyahoga No. 56736, 1990 WL 37422, *2. In that case the Eighth District Court of Appeals found that it was not bound by the ninety-day time limit of Civ.R. 25, but instead must follow App.R. 29 as interpreted by the Supreme Court of Ohio in *McGettrick, supra,* which allows for substitution within a "reasonable time." In *Hackett & Arnold, Inc* a motion for substitution was filed in November 1989 after the notification of death of appellant in June 1989, well outside the time limit, but the court noted that:

> the delay in filing the substituted party was a result of the inability to locate the decedent's will for submission to probate court. This lengthened the time for appointment of the decedent's wife as administrator. Once the administrator was officially appointed by the probate court, appellant's counsel filed a motion for substitution. We find said substitution to have occurred within a reasonable time.

*Hackett & Arnold, Inc.*, *supra* at *2.

**{¶12}** In the case before us, no motion to substitute has been filed, no explanation for the delay has been offered and no prediction as to when or if a motion to substitute will be filed has been provided. While the holding of *Hackett & Arnold, Inc.* supports the proposition that a reasonable time can be more than ninety days in the context of this case, we do not find that it supports the indefinite and unsupported delay that has been requested.

**{¶13}** Appellate Rule 29(A) states in pertinent part: "If a party dies after a notice of appeal is filed or while a proceeding otherwise pending in the court of appeals, the

personal representative of the deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of the court of appeals. * * * *."

{¶14} The Ohio Supreme Court construed App.R. 29(A) in the context of a criminal appeal thusly:

When a criminal defendant-appellant dies while his appeal is pending and, subsequently, within a reasonable time, a personal representative of the decedent is appointed, that representative may be substituted as a party on motion by the decedent's representative or the state under the then existing style of the case, and the court of appeals shall proceed to determine the appeal. **Absent such a motion, filed within a reasonable time by the state, for substitution of a party, the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment**. (App. R. 29[A], construed and applied).

*State v. McGettrick*, 31 Ohio St.3d 138, 509 N.E.2d 378, paragraph one of the syllabus. (Emphasis added.)

{¶15} In the instant case, no motion has been made for substitution of a party. This court made its concerns clear during oral argument and allowed the parties to brief the issue of whether the matter should be considered moot. Appellant counsel's response is a request for a reversal of the trial court's decision and an indefinite extension of time within which a motion to substitute may be filed.  While we agree that the death of a party does not mandate the dismissal of the matter, in the circumstances of this case we feel that the facts support the exercise of our discretion to find the matter moot for lack of filing

of a motion to substitute a party within a reasonable time. *Murtha v. Dyer,* 12th Dist. Warren No. CA2012-11-120, 2013-Ohio-2970, ¶ 6; *Mesaros v. Mesaros*, 5th Dist. Stark No. 2007CA00284, 2008-Ohio-2579, ¶ 11.

    **{¶16}** This appeal is dismissed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.