**[Cite as *State v. Murphy*, 2024-Ohio-1716.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Hon. W. Scott Gwin, PJ.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023 CA 0057 |
| MICHAEL S. MURPHY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Court of Common Pleas, Case No. 2020 CR 0590

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      May 3, 2024

APPEARANCES:

For Plaintiff-Appellee
JODIE SCHUMACHER
Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant
MICHAEL MURPHY PRO SE
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

*Gwin, P.J.*

{¶1} Appellant Michael S. Murphy appeals the September 19, 2023 judgment entry of the Richland County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} Appellant was indicted on the following charges on September 17, 2020: possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(b), a felony of the fourth degree, and possession of a fentanyl-related compound in violation of R.C. 2925.11(A) and (C)(11)(b), a felony of the fourth degree.

{¶3} Appellant signed an "admission of guilt" form on February 28, 2022. The form provides that appellant agreed to withdraw his former plea of not guilty and enter a plea of guilty to Count 1. Further, that, as part of the plea agreement, Count 2 was dismissed. The trial court accepted appellant's plea on February 28, 2022, and moved immediately to sentencing.

{¶4} The trial court issued a sentencing entry on March 8, 2022, sentencing appellant to twelve months in prison. The trial court ordered the twelve-month sentence to be served concurrently to the sentence imposed on a second case appellant had been indicted for in 2021.

{¶5} Appellant did not file a direct appeal of his conviction and sentence. On September 1, 2023, appellant filed a "motion to vacate and set aside judgment of conviction." In his motion, appellant argued his trial counsel was ineffective in failing to ensure appellant's plea was knowingly, intelligently, and voluntarily made. Appellee filed a response to appellant's motion on September 11, 2023.

{¶6}   The trial court issued a judgment entry on September 19, 2023 denying appellant's motion to vacate.

{¶7}   Appellant appeals the September 19, 2023 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶8}   "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO VACATE AND SET ASIDE JUDGMENT OF CONVICTION."

{¶9}   Before addressing the merits of appellant's argument, we must address the effect of appellant's death on the viability of this appeal.  On March 26, 2024, appellee filed a notice of suggestion of death of appellant.  Appellee attached an obituary stating appellant passed away on March 13, 2024.

{¶10}  Appellate Rule 29(A) states, in pertinent part, as follows: "if a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on a motion filed by the representative, or by any party, with the clerk of the court of appeals * * *."

{¶11}  The Ohio Supreme Court addressed the issue of the death of an appellant while an appeal of a criminal case is pending in *State v. McGettrick*, 31 Ohio St.3d 128, 509 N.E.2d 378 (1987).  The Supreme Court held there are two means by which to continue a criminal appeal when a criminal appellant dies while his or her appeal is pending.  *Id.*   First, if a personal representative is appointed for the decedent in reasonable time, that representative "may be substituted as a party on a motion by the decedent's representative or the state."  *Id.*   Second, if no personal representative is

appointed for the decedent within a reasonable time, the "state may suggest the decedent's death on the record and, upon motion by the state for substitution of a party, the court of appeals shall substitute any proper person * * * as party-appellant." *Id.* If neither of these motions are filed, "the court of appeals may properly dismiss the appeal as moot." *Id.*

{¶12} In this case, the State of Ohio filed a notice of suggestion of death. No motion has been made by appellee or any other party for substitution of a party for appellant. Accordingly, this appeal is dismissed as moot. *State v. Studer*, 5th Dist. Richland No. 13CA60, 2014-Ohio-591, *State v. Mills*, 5th Dist. Richland No. 2021 CA 0054, 2022-Ohio-369.


By Gwin, P.J.,

Hoffman, J., and

King, J., concur

[Cite as *State v. Murphy*, 2024-Ohio-1716.]