[Cite as *State v. Oglesby*, 2026-Ohio-294.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2024 CA 0087 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Mansfield Municipal Court, Case No. 2023 CRB 4035 |
| JOSEPH J. OGLESBY | Judgment: Dismissed |
| Defendant – Appellant | Date of Judgment Entry: January 30, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** ROBERT J. SHARP III, for Plaintiff-Appellee; KATHERINE ROSS-KINZIE, for Defendant-Appellant.

*King, J.*

{¶ 1}   Defendant-Appellant, Joseph J. Oglesby, appealed his October 1, 2024 conviction and sentence from the Mansfield Municipal Court of Richland County.  Plaintiff-Appellee is the State of Ohio.  We dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 7, 2023, Oglesby was charged with three misdemeanors: failure to disclose his identification in violation of R.C. 2921.29, criminal trespassing in violation of R.C. 2911.21, and disorderly conduct in violation of R.C. 2917.11.  A jury trial commenced on September 24, 2024.  The jury found Oglesby guilty of all charges.  By

journal entry filed October 1. 2024, the trial court sentenced Oglesby to thirty days in jail on each charge, all but four days suspended.[1]  The sentence was stayed pending appeal.

{¶ 3}   An appeal was filed and Oglesby filed a brief with five assignments of error. An oral argument was scheduled for December 4, 2025.  On December 1, 2025, Oglesby's counsel filed a notice of suggestion of death of Oglesby.  Counsel informed the Court that the oral argument scheduled for December 4, 2025 was "no longer necessary and is hereby waived."

{¶ 4}   The matter is now before this court for consideration.

{¶ 5}   App.R. 29(A) governs substitution of a party in the event of the death of a party and states the following in pertinent part:

> If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of the court of appeals.  The motion of a party shall be served upon the representative in accordance with the provisions of Rule 13.  If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct.

---

[1]We note the journal entry erroneously states Oglesby pled guilty to the charges; in fact, a jury found Oglesby guilty of the charges.

{¶ 6} In *State v. McGettrick*, 31 Ohio St.3d 138 (1987), the Supreme Court of Ohio construed and applied App.R. 29(A) and outlined two different procedures to follow in the event of the death of an appellant after the filing of an appeal in a criminal case. First, if a personal representative is appointed for the decedent in a reasonable time, that representative "may be substituted as a party on a motion by the decedent's representative or the state under the then existing style of the case, and the court of appeals shall proceed to determine the appeal." *Id.* at paragraph one of the syllabus. Second, if no personal representative is appointed for the decedent within a reasonable time, the "state may suggest the decedent's death on the record and, upon motion by the state for substitution of a party, the court of appeals should substitute any proper person, including the decedent's attorney of record, as party defendant-appellant and proceed to determine the appeal." *Id.* at paragraph two of the syllabus. Absent such a motion for substitution of a party filed within a reasonable time by the state, "the court of appeals may dismiss the appeal as moot, vacate the original judgment of conviction and dismiss all related criminal proceedings, including the original indictment." *Id.* at paragraphs one and two of the syllabus. The Court explained the following:

Affirmative action is required before substitution may be afforded. Where appropriate, and by choice, the decedent's personal representative or the state must first suggest the decedent's death on the record and/or file a motion for substitution of a party, before the court of appeals is obligated to hear the appeal. Consequently, in a case where the appeal is *pending,* unless the proper motion(s) is made, the court of appeals may properly

dismiss the appeal as moot and vacate the original conviction. (Emphasis added.)

*Id.* at 143.

{¶ 7} Here, a suggestion of death was filed by Oglesby's counsel, but no one has filed a motion to substitute the personal representative or any party for the decedent.

{¶ 8} The question remains, what constitutes "a reasonable time?" This district aims to issue an opinion within sixty days after oral argument, so "a reasonable time" would be within sixty days of the suggestion of death. In this case, oral argument was scheduled for December 4, 2025, and the suggestion of death was filed on December 1, 2025; sixty days after the filing of the suggestion of death is January 30, 2026. In *State v. Murphy*, 2024-Ohio-1716 (5th Dist.), this court dismissed an appeal for failure to substitute a party after the appellant's death. The suggestion of death was filed on March 26, 2024, and the appeal was dismissed on May 3, 2024, less than sixty days later.

{¶ 9} Because a motion to substitute a party for Oglesby has not been made within a reasonable time, this appeal is dismissed as moot. *See Murphy* at ¶ 12; *State v. Studer*, 2014-Ohio-591, ¶ 13-14 (5th Dist.); *State v. Mills*, 2022-Ohio-369, ¶ 15 (5th Dist.).

{¶ 10} For the reasons stated in our accompanying Opinion, the appeal is DISMISSED.

{¶ 11} Costs to Appellant.

By: King, J.

Baldwin, P.J. and

Montgomery, J. concur.